[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**January 21, 2005**
**THOMAS K. KAHN**
**CLERK**

_____

No. 05-10045-F

_____

IN RE: JERRY J. ANDERSON,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255

_____

Before TJOFLAT, DUBINA and MARCUS, Circuit Judges.

MARCUS, Circuit Judge:

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Jerry J. Anderson, proceeding pro se, has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Anderson asserts that all four of his claims rely upon both new rules of constitutional law and newly discovered evidence. In his first claim, Anderson asserts that the grand jury did not determine the three predicate acts required for a violation of 21 U.S.C. § 848 before it returned the indictment for his charge of conviction. Anderson cites Richardson v. United States, 526 U.S. 813, 119 S. Ct. 1707, 143 L. Ed. 2d 985 (1999), as a new rule of constitutional law supporting this claim. Next, Anderson alleges that the district court exceeded the statutory maximum for each count of conviction, when it ordered the sentences for each count of conviction to run concurrently and concluded that that calculation equaled a life sentence. Anderson cites United States v. Olano, 507 U.S. 725, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993), as the new rule of constitutional law supporting this claim.

2

Third, Anderson alleges that his life sentence for his 18 U.S.C. § 1956(a)(B)(i) conviction exceeded the statutory maximum of twenty years, in violation of the new rules of constitutional law established in Blakely v. Washington, 542 U.S. ____, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, No. 04-104 (U.S. Jan. 12, 2005).[1] Finally, Anderson alleges that the district court's sentence enhancement was unconstitutional, as it was based on an unspecific drug quantity not alleged in the indictment, again in violation of Blakely and Booker.

As for all of his claims, Anderson alleges that his trial and appellate counsels' ineffective assistance precluded the claimed defects from being discovered and objected to in a timely fashion. Thus, asserts Anderson, because these facts were either overlooked or not properly addressed, his own recent discovery of indictment and sentencing defects constitutes newly discovered evidence.

Neither of Anderson's first two claims successfully relies upon a new rule of constitutional law made retroactive to cases on collateral appeal. In Richardson, the Court interpreted 21 U.S.C. § 848 and outlined the elements of a continuing criminal enterprise that must be presented to a jury in order to convict under that statute. See

---

[1] At the time Anderson filed his application for leave to file a successive motion to vacate, the Supreme Court had not yet issued its opinion in Booker. In fact, Anderson cited to the Booker lower court opinions. The anticipatory nature of Anderson's argument, however, does not preclude us from considering and rejecting his claim based on his failure to present a new rule of constitutional law made retroactive by the Supreme Court to cases of collateral review, as we discuss infra.

Richardson, 526 U.S. at 815-24, 119 S. Ct. at 1709-13. In Olano, the Court considered whether plain error resulted from the presence of alternate jurors in the jury room during deliberations. See 507 U.S. at 727, 113 S. Ct at 1774. The holding has no applicability to Anderson's argument that his sentence exceeded the statutory maximum based on the district court's imposition of concurrent sentences and imposition of a life sentence. Moreover, the Olano decision issued in 1993 so that it was available when Anderson filed his first motion to vacate in 1997. Simply put, neither case satisfies the statutory criteria set forth for reliance upon a new rule of constitutional law as grounds for a successive motion to vacate. 28 U.S.C. § 2255.

Regarding his newly discovered evidence claims, none centers on any evidence discovered since his trial. Instead, Anderson asserts that because prior counsel overlooked the alleged defects, and he recently discovered them, they constitute newly discovered evidence. However, 28 U.S.C. § 2255 requires that, "if proven and viewed in light of the evidence as a whole, [the newly discovered evidence] would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." Id. Anderson fails to offer any such evidence here.

As for Anderson's Blakely and Booker argument, however, a lengthier analysis is required. In Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63,

147 L. Ed. 2d 435 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Court recently revisited that rule in the context of Washington State's sentencing guideline scheme, clarifying that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings." Blakely, 124 S. Ct. at 2531, 2537 (citations omitted). Applying these principles, the Court held that Blakely's sentence – which was enhanced under the state guidelines based on the sentencing court's additional finding by a preponderance of the evidence that Blakely committed his kidnaping offense with deliberate cruelty – violated the Sixth Amendment. Id. at ___, 124 S. Ct. at 2534-38.

In Booker, the Supreme Court recently found "no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue" in Blakely. Booker, No. 04-104, slip op. at 8 (opinion of Stevens, J.). Thus, the Court held that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a

5

jury trial. Id. at 8-10. Extending its holding in Blakely to the Sentencing Guidelines, the Court explicitly reaffirmed its rationale first pronounced in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 20.

For a new rule to be retroactive to cases on collateral review for purposes of authorizing a second or successive § 2255 motion or 28 U.S.C. § 2254 petition, the Supreme Court itself must make the rule retroactive. Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed. 2d 632 (2001); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000). As the Court explained in Tyler, considering a successive habeas petition, "the Supreme Court is the only entity that can 'ma[k]e' a new rule retroactive. The new rule becomes retroactive, not by the decisions of the lower court or by the combined action of the Supreme Court and the lower courts, but simply by the action of the Supreme Court." Tyler, 533 U.S. at 663, 121 S. Ct. at 2482 (alteration in original). Thus, it is not enough that this Court may retroactively apply a new rule of constitutional law or hold that a new rule of constitutional law satisfies the criteria for retroactive application set forth by the Supreme Court in Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989). See

6

<u>Joshua</u>, 224 F.3d at 1283. When the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding. <u>See</u> <u>Tyler</u>, 533 U.S. at 663, 121 S. Ct. at 2482. Thus, the Court does not does not make a rule retroactive through <u>dictum</u> or through multiple holdings, unless those holdings "necessarily dictate retroactivity of the new rule." <u>Id.</u> at 663 n.4, 666, 121 S. Ct. at 2482 n.4, 2484.

Regardless of whether <u>Booker</u> established a "new rule of constitutional law" within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared <u>Booker</u> to be retroactive to cases on collateral review. <u>See</u> <u>Booker</u>, No. 04-105, slip op. at 25 (opinion of Breyer, J.) (expressly extending the holding "to all cases on direct review"). Put simply, <u>Booker</u> itself was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review. In addition to the fact that the Supreme Court has not held that <u>Booker</u> is retroactive to cases on collateral review, we previously have held that the Supreme Court has not made <u>Blakely</u> retroactive to cases on collateral review for purposes of the rules governing the filing of successive habeas actions. <u>See</u> <u>In re</u> <u>Dean</u>, 375 F.3d 1287, 1290 (11th Cir. 2004). Indeed, as we noted in <u>Dean</u>, the Supreme Court has indicated the very opposite:

[T]he Supreme Court has strongly implied that <u>Blakely</u> is not to be

applied retroactively. The same day the Supreme Court decided <u>Blakely</u>, the Court also issued its decision in <u>Schriro v. Summerlin</u>, --- U.S. --, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004), holding that <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed. 2d 556 (2002), which extended application of <u>Apprendi</u> to facts increasing a defendant's sentence from life imprisonment to death, is not retroactive to cases on collateral review. <u>Summerlin</u>, 124 S. Ct. at 2526; <u>see also</u> <u>Blakely</u>, 124 S. Ct. at 2548-49 (O'Connor, J., dissenting) (recognizing the Court's holding in <u>Summerlin</u> "that <u>Ring</u> (and <u>a</u> <u>fortiori</u> <u>Apprendi</u>) does not apply retroactively on habeas review"); <u>see also</u> <u>McCoy v. United States</u>, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (holding that <u>Apprendi</u> is not retroactive to cases on collateral review); <u>In re Joshua</u>, 224 F.3d at 1283 (denying the retroactive application of <u>Apprendi</u> to permit second or successive habeas petitions). Because <u>Blakely</u>, like <u>Ring</u>, is based on an extension of <u>Apprendi</u>, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review. Accordingly, Dean's proposed claim fails to satisfy the statutory criteria. 28 U.S.C. § 2255.

<u>Id.</u> It follows that because <u>Booker</u>, like <u>Blakely</u> and <u>Ring</u>, is based on an extension of <u>Apprendi</u>, Anderson cannot show that the Supreme Court has made that decision retroactive to cases already <u>final</u> on direct review.

Jerry J. Anderson has failed to make a <u>prima facie</u> showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, and accordingly, his application for leave to file a second or successive motion is hereby DENIED.