[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2005
THOMAS K. KAHN
CLERK

No. 04-16248
Non-Argument Calendar

_____

D.C. Docket No. 90-00223-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKIE LOCKHART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(July 22, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Rickie Lockhart, a federal prisoner proceeding pro se, appeals the district

court's denial of his motion to modify his sentence pursuant to 18 U.S.C.

§ 3582(c)(1). On appeal, Lockhart argues that the district court erred in ruling that

his § 3582 motion was procedurally improper and contends that the district court should have looked behind the label of his § 3582 motion and re-characterized it, although he fails to specify under what remedial framework the district court should have construed his motion. In addition, Lockhart maintains that the district court should have addressed the merits of his claim relating to Blakely and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), because he presented that claim in the trial court. Finally, Lockhart makes a passing reference that he is appealing the district court's order "that appellant's motion may be fairly construed as a successive § 2255 motion."

We review a district court's decision with respect to a reduction of sentence pursuant to 18 U.S.C. § 3582(c) for an abuse of discretion. See United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir.1997). 18 U.S.C. § 3582(c)(1) provides, in pertinent part, that a district court may not modify a term of imprisonment once it has been imposed except (1) on a motion of the Director of the Bureau of Prisons, or (2) to the extent authorized by Fed.R.Crim.P. 35. See 18 U.S.C. § 3582(c)(1). In turn, Fed.R.Crim.P. 35 provides that a court may correct a sentence (1) that resulted from arithmetical, technical, or other clear error within seven days after sentencing, or (2) upon a substantial assistance motion filed by the government. Fed.R.Crim.P. 35 (a), (b).

2

A plain reading of the language of 18 U.S.C. § 3582(c)(1) supports the conclusion that the district court correctly found that none of the provisions of § 3582(c) or Rule 35 applied, and therefore, that it did not have the authority to modify Lockhart's sentence. Here, the record establishes that neither the Director of the Bureau of Prisons nor the government filed a motion for a sentence reduction, and Lockhart's motion was not filed within seven days of sentencing. Therefore, the district court was powerless to modify Lockhart's sentence under 18 U.S.C. § 3582(c)(1), and we affirm. See United States v. Diaz-Clark, 292 F.3d 1310, 1319 (11th Cir. 2002) (holding that outside of Rule 35, there exists no inherent authority for a district court to modify a sentence.).

The district court also properly found that "to the extent [Lockhart's] § 3582 motion may be fairly construed as a successive § 2255 motion, the [district court] is powerless to consider it absent authorization from the U.S. Court of Appeals for the Eleventh Circuit." Because Lockhart sought a modification of his sentence that did not comport with § 3582(c), the only statute that may have accorded him relief was § 2255. This Court had previously denied Lockhart's application for leave to file a successive § 2255 motion.[1] Therefore, the district court was correct

---

[1] In any event, we have held that because the Supreme Court has not made Booker retroactively applicable to cases on collateral review, an application to file a second or successive § 2255 petition based on Booker does not meet the statutory criteria. In re

in concluding it did not have the power to consider it as such, and properly denied

Lockhart's motion.[2]

**AFFIRMED**.

---

Anderson, 396 F.3d 1336, 1340 (11th Cir.2005).

[2] Lockhart's request for oral argument is denied.