[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11573
Non-Argument Calendar
_____

D. C. Docket No. 96-00058-CR-01-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN WILLIAMSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(August 15, 2005)

Before TJOFLAT, DUBINA, and BARKETT, Circuit Judges.

PER CURIAM:

Shawn Williamson, a federal prisoner proceeding pro se, appeals the denial

of his motion to modify term of imprisonment pursuant to U.S.C. 18 § 3582(c)(2),

based upon retroactively applicable sentencing guidelines. He was previously convicted for: (1) conspiracy to commit robbery (of Burger King and Anthony's Pizza restaurants) (count one), in violation of 18 U.S.C. § 371; (2) robbery of Leticia Martinez, a Burger King employee, and Henry Lee Ryans, an Anthony's Pizza employee (counts two and four), in violation of 18 U.S.C. § 2111; (3) using and carrying a firearm during the crime of violence in count two (count three), in violation of 18 U.S.C. § 924(c)(1); and (4) assault with intent to murder Henry Lee Ryans (count six), in violation of 18 U.S.C. § 113(a)(1).

Williamson argues that the district court erred by denying his motion to modify his term of imprisonment. He claims that pursuant to amendment 599 to the sentencing guidelines, the seven-level enhancement for discharging a firearm that the district court imposed pursuant to U.S.S.G. § 2B3.1(b)(2)(A), should be removed. Williamson claims that the robberies of the Burger King and the Anthony's Pizza were a continuing series of crimes, and he should have been charged only with one count of robbery. He also asserts that because the robbery took place in the same building, the seven-level enhancement should not have been applied, especially since he had been convicted for using a firearm, pursuant to 18 U.S.C. § 924(c)(1). Williamson argues that the same firearm was used in all of the crimes, and, therefore, the seven-level enhancement was imposed for the same

2

firearm that he was charged for using under 18 U.S.C. § 924(c). Moreover, for the first time on this appeal, Williamson argues that his sentence violated his Sixth Amendment right to a jury trial, because the seven-point enhancement was imposed for conduct that he did not admit to and the jury did not find, as required by Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**I.**

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion. United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). "A district court by definition abuses its discretion when it makes an error of law." Id. citing Koon v. United States, 518 U.S. 81, 100, 116 S.Ct. 2035, 2047, 135 L.Ed.2d 392 (1996).

18 U.S.C. § 3582(c)(2) permits a modification of a term of imprisonment if, after sentencing, the Sentencing Commission lowers the sentencing range pursuant to 28 U.S.C. § 994(o). See 18 U.S.C. § 3582(c)(2). Amendment 599, which became effective on November 1, 2000, addresses the circumstances under which a court may impose a weapons enhancement on a defendant who was convicted of a

3

firearms offense under 18 U.S.C. § 924(c). See 2000 Federal Sentencing

Guidelines Manual, Appendix C.; see also United States v. Pringle, 350 F.3d 1172,

1176 (11th Cir. 2003). The portion of amendment 599 that Williamson relies

upon for his reduction of sentence states, in pertinent part, "[i]f a sentence under

this guidelines is imposed in conjunction with a sentence for an underlying offense,

do not apply any specific offense characteristic for possession, brandishing, use, or

discharge of an explosive or firearm when determining the sentence for the

underlying offense." 2000 Federal Sentencing Guidelines Manual, Appendix C.

However, " . . . if a defendant is convicted of two armed bank robberies, but is

convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a

weapon enhancement would apply to the bank robbery which was not the basis for

the 18 U.S.C. § 924(c) conviction." Id.

In this case, Williamson was sentenced in a manner later contemplated by

amendment 599, and therefore, the district court did not abuse its discretion by

denying Williamson's motion to modify his term of imprisonment. First,

Williamson committed two separate robberies - one of the Burger King, and the

second of the Anthony's Pizza, and he pled guilty to both of them. Accordingly,

his argument that there should have been only one count of robbery is without

merit. Second, the district court only considered the robbery of the Burger King to

be the crime of violence underlying Williamson's 18 U.S.C. § 924(c) conviction. Third, the seven-point firearm enhancement was imposed only on the counts underlying the Anthony's Pizza robbery, as contemplated by amendment 599. Thus, we affirm the district court's denial of Williamson's motion to reduce his sentence.

## II.

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from us before filing a successive § 2255 motion. See Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005). Such an application to file a second or successive § 2255 motion based on Blakely and Booker does not meet the statutory criteria since we have held that the Supreme Court has not made Blakely or Booker retroactively applicable on collateral review. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) (Blakely); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005) (Booker).

The record reveals that Williamson filed his first § 2255 motion in 1998, which was denied as time-barred. Accordingly, the merits of his Booker claim raised for the first time cannot be reviewed on this appeal, and the only avenue available to Williamson is to ask our permission to file a second or successive § 2255 motion. However, such an application would be denied because we have

5

held that the Supreme Court has not made <u>Blakely</u> or <u>Booker</u> retroactively applicable on collateral review.

      **AFFIRMED.**