[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12616
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-00211-CR-J-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK F. BULLARD,
a.k.a. Paper,
a.k.a. Edward Tyrone Collins,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 4, 2006)**

Before TJOFLAT, ANDERSON and MARCUS, Circuit Judges.

PER CURIAM:

A jury found appellant guilty of conspiring to distribute cocaine between the Fall of 1986 and November 1991, and the court sentenced him under the Sentencing Reform Act of 1984 and the Sentencing Guidelines promulgated thereunder to life imprisonment. We affirmed his conviction and sentence. United States v. Bullard, 83 F.3d 435 (Table), 11th Cir. (Fla.), Apr 04, 1996. In July 1998, appellant moved the court to modify his sentence pursuant to 18 U.S.C. § 3582(c) based on an intervening modification of the Sentencing Guidelines. The court granted the motion, and reduced appellant's sentence to 480 months' imprisonment. Appellant appealed, and we affirmed. United States v. Bullard, 251 F.3d 161 (Table), 11th Cir. (Fla.), June 08, 2001. While this appeal was pending, appellant moved the district court to vacate his sentence pursuant to 28 U.S.C. § 2255, contending that his sentence was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 124 S.Ct. 2438 (2000). The court denied his motion, and we affirmed, holding that Apprendi afforded appellant no relief on collateral attack. United States v. Bullard, 31 Fed.Appx. 941 (Table), 11th Cir. (Fla.), Feb 04, 2002. Lastly, in March 2005, appellant moved the court for relief from his sentence pursuant to former Fed. R. Crim. P. 35(a), again challenging the constitutionality of his motion—apparently under United States v. Booker, 543 U.S. ____, 125 S.Ct. 738 (2005). He contended that the former rule was applicable

2

because the conspiracy with which he was charged began before the effective date of the Sentencing Guidelines, i.e., November 1, 1987. The court denied his motion. It did so without passing on whether former Rule 35(a) applied. Instead, assuming that the rule applied, the court, citing In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005), denied appellant's motion on the ground that Booker does not apply retroactively to cases on collateral review. Appellant now appeals the denial of his motion. We affirm.

In appealing his conviction and sentence, appellant did not challenge the court's imposition of his sentence pursuant to the Sentencing Reform Act and the Sentencing Guidelines. In other words, he did not contend that the conspiracy of which he was convicted ceased prior to November 1, 1987, such that he should have been sentenced under pre-Guidelines law. The district court therefore lacked authority under the Criminal Rules to entertain appellant's former Rule 35(a) motion (which is not applicable to sentences imposed under the Guidelines). The rule that does apply is the current version of Rule 35 (effective December 1, 2002) which states that the court may correct a sentence that "resulted from arithmetical, technical, or other clear error" within 7 days after sentencing. Fed. R. Crim. P. 35(a) (2005). This 7-day requirement is jurisdictional. United States v. Diaz-Clark, 292 F.3d 1310. 1317 (11th Cir. 2002). Hence, the court should have denied

3

appellant's motion for lack of jurisdiction.  In passing, we agree with the court that

Booker provides no relief on collateral attack.

**AFFIRMED.**