[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2006
THOMAS K. KAHN
CLERK

No. 05-15230
Non-Argument Calendar
_____

D. C. Docket No. 05-00141-CV-4-MP-AK

SCHEAREAN JEAN MEANS,

Petitioner-Appellant,

versus

JOSE VASQUEZ,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(February 22, 2006)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Schearean Jean Means, a federal prisoner proceeding pro se, appeals the district court's sua sponte order dismissing with prejudice her pro se petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Means filed her § 2241 petition after April 24, 1996; therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996), is applicable. Means argues on appeal that the district court erred in dismissing her § 2241 petition, based on its conclusion that she failed to make the requisite showing to invoke the "savings clause" of 28 U.S.C. § 2255. For the reasons set for more fully below, we affirm.

Means is serving a life sentence for conspiracy to possess with intent to distribute an unspecified amount of "cocaine, cocaine base, marijuana, and prescription drugs," and possession with intent to distribute these drugs. After we affirmed her convictions on direct appeal in 1998, Means filed a § 2255 motion. In 2002, the district court denied this § 2255 motion, concluding that Means's claims were procedurally defaulted.[1]

---

[1] Although not discussed in Means's § 2241 petition, the magistrate judge included in his report and recommendation that, prior to filing the instant petition, Means also filed (1) a second § 2255 motion, which the district court dismissed as an unauthorized successive petition; and (2) a prior § 2241 petition, which the court dismissed because Means should have raised her claims either on direct appeal or in a § 2255 proceeding.

In April 2005, Means filed the instant § 2241 petition, arguing that her life sentence for her drug convictions was illegal and violated her Sixth Amendment right to a jury trial, pursuant to the Supreme Court's decisions in Edwards v. United States, 523 U.S. 511, 118 S.Ct. 1475, 140 L.Ed.2d 703 (1998),[2] and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).[3] Means specifically contended that her sentence exceeded the maximum sentences authorized by statute and the United States Federal Guidelines ("federal guidelines") because (1) the offenses involved multiple types of drugs, (2) no specific quantity of drugs was alleged in the indictment, and (3) the jury returned a general verdict of guilty on the conspiracy count. Means also argued that her enhanced sentence, pursuant to 21 U.S.C. § 851, was illegal because the sentencing

---

[2] In Edwards, the petitioners, who were convicted by a general verdict of conspiracy to possess cocaine and cocaine base, argued that the district court erred in considering the quantity of both drugs in imposing sentence. See Edwards, 523 U.S. at 513, 118 S.Ct. at 1477. Although the Supreme Court in Edwards upheld this sentence, it noted that the petitioners' statutory and constitutional claims would have made a difference if the sentences had exceeded the maximum that the statutes permitted for a cocaine-only conspiracy because a maximum sentence set by statute trumps a higher sentence set forth in the federal guidelines. See id. at 515, 118 S.Ct. at 1477.

[3] In Booker, the Supreme Court determined that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. See United States v. Booker, 543 U.S. 220, ___, 125 S.Ct. 738, 749-51, 160 L.Ed.2d 621 (2005). Furthermore, the Booker Court reaffirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." See id. at ___, 125 S.Ct. at 756.

3

court erred in concluding that four prior state convictions on which the court relied in applying this enhancement were "felony drug offenses."

The magistrate, without waiting for the government to respond, recommended that the district court dismiss with prejudice Means's § 2241 petition. The magistrate explained that, except for Means's Booker claims, her § 2241 claims were the same claims that she previously had presented, or should have presented, in her prior collateral proceedings. The magistrate also determined that, because Means had not identified a retroactively applicable Supreme Court decision that "open[ed] the portal to a § 2241 proceeding," § 2255's "savings clause" was not triggered, and Means's § 2241 petition could not proceed. After Means's filed no objections to this report and recommendation, the district court adopted it and sua sponte dismissed with prejudice Means's § 2241 petition.

Means again argues on appeal that her life sentence is illegal because, pursuant to the Supreme Court's decision in Edwards, following the jury's general verdicts for conspiracy and possession offenses involving multiple types of drugs, her life sentence exceeded her maximum statutory sentences. Means also contends that, pursuant to the Supreme Court's decision in Booker, the sentencing court exceeded its jurisdiction by sentencing her based on offenses that neither were charged in her indictment, nor proved beyond a reasonable doubt to a jury. Means

4

argues that the court's <u>sua sponte</u> dismissal of her § 2241 petition was erroneous because (1) these decisions are retroactively applicable on collateral review, and (2) she has no other adequate remedy at law to obtain relief from her illegal sentence. Moreover, Means again argues that the sentencing court, in imposing an enhanced sentence under § 851, erred in relying on prior state convictions that were not qualifying controlled-substance offenses.

As a preliminary matter, Means–a federal prisoner proceeding under § 2241–may proceed on appeal despite the lack of a certificate of appealability ("COA"). <u>See</u> <u>Sawyer v. Holder</u>, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (holding that the petitioner who was attempting to invoke the "savings clause" in § 2255 through a § 2241 petition did not need a COA to proceed on appeal). Also, as neither party appears to contest, if Means's pleading was properly construed as a § 2255 motion, it was successive and she needed our permission to file it. <u>See</u> <u>Darby v. Hawk-Sawyer</u>, 405 F.3d 942, 945 (11th Cir. 2005) (explaining that, when a prisoner previously has filed a § 2255 motion that is denied with prejudice, she must apply for, and receive, our permission before filing a successive § 2255 motion). The only issue for our review, therefore, is whether the district court erred in concluding that Means failed to make the requisite showing to invoke the "savings clause" in § 2255.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Id. at 944. Although § 2255 is the primary method of collateral attack for federal prisoners, § 2241 provides a limited, additional basis for habeas actions brought by federal prisoners. Section 2255 provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. Thus, under this "savings clause," a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence only if the petitioner establishes that § 2255's remedy is inadequate or ineffective. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979) (holding that a prior unsuccessful § 2255 motion, alone, is insufficient to establish ineffectiveness).

The burden of producing evidence affirmatively showing the inadequacy or ineffectiveness of § 2255 relief rests with the petitioner. Id. Section 2255 remedies only should be considered inadequate if:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

6

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). We have explained that, if the "savings clause" of § 2255 applies "to open the portal to a § 2241 proceeding," the proper inquiry in that § 2241 proceeding will be "whether the petitioner can establish actual innocence of the crime for which he has been convicted . . .." Id. at 1244 n.3. However, as we recently reiterated, the AEDPA's restrictions on successive § 2255 motions, "standing alone, do not render that section 'inadequate or ineffective' within the meaning of the savings clause." Darby, 405 F.3d at 945.

In the instant case, Means failed to cite to a Supreme Court decision in support of her claim that her prior state convictions did not constitute controlled-substance offenses for purposes of § 851 enhancement. On the other hand, Means generally asserted in her § 2241 petition that her remaining claims were based upon the Supreme Court's retroactively applicable decisions in Edwards and Booker, and that she was convicted of a "nonexistent offense." The Supreme Court, however, decided Edwards in 1998, before Means filed her first § 2255 motion. Moreover, we have stated that the hypothetical position discussed in Edwards, that is, that the district court would have erred in considering the quantity of both drugs in imposing a sentence after a general verdict for a conspiracy to possess both cocaine and cocaine base, was, in fact, the law of this Circuit. See

7

Black v. United States, 373 F.3d 1140, 1146 (11th Cir. 2004) (citing United States

v. Allen, 302 F.3d 1260, 1274-75 (11th Cir. 2002)), cert. denied, 543 U.S. 1080

(2005).

Additionally, we have determined that Booker is not retroactively applicable

to cases on collateral review. See Varela v. United States, 400 F.3d 864, 868 (11th

Cir.) (explaining that "Booker's constitutional rule falls squarely under the

category of new rules of criminal procedure that do not apply retroactively to

§ 2255 cases on collateral review"), cert. denied, 126 S.Ct. 312 (2005); see also In

re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (holding that the Supreme

Court has not made Booker retroactively applicable on collateral review for

purposes of authorizing a second or successive § 2255 motion). Thus, even if

Means could establish that she was "actually innocent" of the offenses of

conviction, she failed to satisfy the requirements of the "savings clause" and "to

open the portal to a § 2241 proceeding." See Wofford, 177 F.3d at 1244 n.3.

By labeling her successive collateral attack on her convictions and sentences

as a § 2241 habeas petition, Means was attempting to avoid the application of the

successive petition rule for § 2255 motions. The "savings clause," however, "does

not exist to free a prisoner of the effects of his failure to raise an available claim

earlier." See id. at 1245. Thus, allowing the action to remain a habeas petition

8

under § 2241, when Means failed to satisfy the requirements of the "saving clause," would have rendered the AEDPA and its successive-petition rule in § 2255 meaningless. See id. at 1244-45.

Accordingly, we conclude that the district court did not err in sua sponte dismissing with prejudice Means's § 2241 petition. We, therefore, affirm.

**AFFIRMED.**