[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15716
Non-Argument Calendar

_____

D. C. Docket No. 00-00126-CR-T-30-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY LEONARD WALDEN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 12, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Larry Leonard Walden, Jr., a federal prisoner serving a 151-month sentence,

appeals pro se the denial of his motion to reduce his sentence. After review, we affirm.

## I. BACKGROUND

After pleading guilty, Walden was convicted of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 27, 2001, the final judgment was entered in Walden's criminal case. Thereafter, on June 13, 2001, Walden filed a pro se motion for leave to file an out-of-time notice of appeal and request for appointment of counsel. Walden's motion alleged ineffective assistance of counsel based on his attorney's failing to file a notice of appeal as Walden instructed. The district court denied the motion without prejudice, noting that Walden's claims should be brought in a 28 U.S.C. § 2255 motion.

In 2002, Walden filed a pro se § 2255 motion, alleging that his trial counsel had been ineffective for failing to file a notice of appeal. The district court denied Walden's § 2255 motion, finding that his claim was without merit in light of the appeal waiver in Walden's plea agreement.

In 2005, Walden filed pro se the instant "Blakely Motion for a Reduction of Sentence." Citing United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), Walden's motion alleged that his sentence violated his Sixth Amendment rights because the sentencing court had increased his sentence based on extra-verdict

2

facts, such as drug quantity and whether Walden had obstructed justice. The district court denied Walden's motion to reduce his sentence, finding that it lacked jurisdiction under 18 U.S.C. § 3742(a) because Walden's sentence had become final. Alternatively construing Walden's motion as a successive § 2255 motion, the district court concluded that it was precluded from granting Walden relief because (1) Walden had not shown that he received permission from this Court to bring a successive § 2255 motion, and (2) Walden would be unlikely to satisfy the criteria for successive § 2255 motions because Booker was not retroactively applicable to collateral proceedings.

Walden filed a motion for reconsideration, arguing, among other things, that the district court should liberally construe his motion as one to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court summarily denied Walden's motion for reconsideration.

## II. DISCUSSION

On appeal, Walden argues that the district court had jurisdiction to modify his sentence pursuant to 18 U.S.C. § 3582(c)(1)(B) and (c)(2).[1] Neither provision of § 3582 identified by Walden conferred jurisdiction. Thus, although the district court did not construe Walden's motion as a § 3582 motion, even if it had, it would

---

[1]Whether a court has jurisdiction over a particular case is a question of law subject to plenary review. United States v. Stossel, 348 F.3d 1320, 1321 (11th Cir. 2003).

3

have been correct in denying the motion.

More specifically, § 3582(c)(1)(B) provides that a district court may not modify a term of imprisonment once imposed except to the extent modification is "expressly permitted by statute" or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). Rule 35 allows a court to correct a prisoner's sentence (1) within seven days of sentencing if it resulted from arithmetical, technical or clear error, or (2) upon a substantial assistance motion filed by the government. See Fed. R. Crim. P. 35(a), (b). Walden's motion was not filed within seven days after his sentencing, and the government never filed a substantial assistance motion. See United States v. Diaz-Clark, 292 F.3d 1310, 1317 (11th Cir. 2002) (explaining that the seven-day limitation of Rule 35(a) is a jurisdictional restriction).[2] Thus, the district court could not have granted Walden's motion under § 3582(c)(1)(B).

Nor could the district court have acted pursuant to § 3582(c)(2). Section 3582(c)(2) permits the district court to modify a defendant's sentence only if the Sentencing Commission subsequently lowers the applicable sentencing range pursuant to 28 U.S.C. § 994(o). See 18 U.S.C. § 3582(c)(2). "Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the

---

[2]Walden's contention that Article III, Section 2 of the Constitution permits the district court to modify his sentence as required by § 3582(c)(1)(b) is without merit. That constitutional provision is merely a general grant of jurisdiction to the federal courts and does not expressly grant courts authority to modify a prisoner's sentence after it has been imposed.

Sentencing Commission. Therefore, <u>Booker</u> is inapplicable to § 3582(c)(2) motions." <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005).

Walden also argues that, even if properly construed as a § 2255 motion, his motion should have been granted. He contends that <u>Booker</u>'s holding should be applied retroactively in collateral proceedings because it is novel and a clear break from past law.

Walden ignores the fact that his construed § 2255 motion is successive and that he has not requested leave from this Court to file a successive motion. <u>See</u> 28 U.S.C. § 2255 (cross-referencing 28 U.S.C. § 2244). Without authorization from this Court, the district court lacked jurisdiction to consider Walden's successive § 2255 motion. <u>See</u> <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005) (concluding that the district court correctly denied a successive § 2255 motion where this Court did not authorize it). In any event, the district court was correct that <u>Booker</u> does not apply retroactively on collateral review. <u>See</u> <u>In re Anderson</u>, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (second § 2255 motion); <u>Varela v. United States</u>, 400 F.3d 864, 866-67 (11th Cir. 2005) (initial § 2255 motion).

For these reasons, the district court did not err in denying Walden's "<u>Blakely</u> Motion for Reduction of Sentence."

**AFFIRMED**.

5