[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10558
Non-Argument Calendar
_____

D. C. Docket No. 97-00231-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY DAILEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 6, 2006)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Anthony Dailey, proceeding *pro se*, appeals the district court's

denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), in which he argued that his sentence should be reduced based upon retroactively applicable amendments to the Sentencing Guidelines.

First, Dailey argues that, as the district court never specified the drug quantity for which it held him accountable, his sentence should be reduced pursuant to Amendment 506 to U.S.S.G. § 4B1.1.

We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005) (citation omitted), *cert. denied*, 126 S. Ct. 1643 (2006). "The abuse of discretion standard has been described as allowing a range of choice for the district court, so long as that choice does not constitute a clear error of judgment." *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989) *modified on other grounds*, *United States v. Toler*, 144 F.3d 1423, 1425 n.3 (11th Cir. 1998). "A sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a *de novo* re-sentencing." *Moreno*, 421 F.3d at 1220 (quotation omitted). Thus, "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing." *Id.* (quotation omitted).

A district court is authorized to modify a sentence when:

> a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

> We have held that

> the district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under § 3582(c)(2). First, the court must substitute the amended guideline range for the originally applied guideline range and determine what sentence it would have imposed. In undertaking this first step, only the amended guideline range is changed. All other guideline application decisions made during the original sentencing remain intact. Second, in light of the conclusion reached in the first step, the court must consider the factors listed in § 3553(a) and determine whether or not to reduce the defendant's original sentence.

*United States v. Vautier*, 144 F.3d 756, 760 (11th Cir. 1998) (citations omitted).

"Both the language of § 3582(c)(2) and this circuit's precedent indicate that the sentencing court's power to reduce a sentence is discretionary." *Id.* Under § 3553(a), in imposing a sentence, the district court must consider factors including the nature and circumstances of the offense, and the need for the sentence to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(1), (2)(B).

3

Guidelines Amendment 506 clarified the policy against double-counting and unwarranted disparities associated with the exercise of prosecutorial discretion when "seeking enhanced penalties based on prior convictions." *See* U.S.S.G. App. C, Amendment 506 (2005). This amendment addressed a change to the application notes for U.S.S.G. § 4B1.1, which addresses the career criminal enhancement. *See id.* Amendment 506 provides that the

> 'Offense Statutory Maximum,' for the purposes of this guideline refers to the maximum term of imprisonment authorized for the offense of conviction that is a crime of violence or controlled substance offense, not including any increase in that maximum term under a sentencing enhancement provision that applies because of the defendant's criminal record (such sentencing enhancement provisions are contained, for example, in 21 U.S.C. § 841(b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D)). For example, where the statutory maximum term of imprisonment under 21 U.S.C. § 841(b)(1)(C) is increased from twenty years to thirty years because the defendant has one or more qualifying prior drug convictions, the 'Offense Statutory Maximum' for the purposes of this guideline is twenty years and not thirty years.

U.S.S.G. App. C, Amendment 506 (2005). Amendment 506 is retroactively applicable. *See* U.S.S.G. § 1B1.10(a), (c).

Despite Dailey's assertions, the record demonstrates that the district court determined Dailey's offense level under the guidelines pursuant to the drug quantity it found attributable to him. It did not enhance his sentence as a career offender under Chapter Four of the Sentencing Guidelines. Therefore, Amendment

4

506 is not applicable to Dailey's case. Further, Dailey cannot rely on Amendment 506 to support a motion pursuant to 18 U.S.C. § 3582(c)(2) because the Sentencing Commission did not adopt the amendment subsequent to the district court sentencing Dailey. Accordingly, we affirm on this issue.

Next, Dailey argues that his sentence should be reduced pursuant to Amendment 599 because he was convicted of a firearms offense, thus his sentence could not be enhanced under U.S.S.G. § 2K2.4. Guidelines Amendment 599 clarified the policy against double-counting a firearm offense under 18 U.S.C. § 924(c), and under a weapon enhancement for the underlying offense. *See* U.S.S.G. App. C, Amendment 599 (2005). Amendment 599 provides that

> [i]f a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any . . . weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. § 924(c).

U.S.S.G. App. C, Amendment 599 (2000). Amendment 599 is retroactively applicable. *See* U.S.S.G. § 1B1.10(a), (c).

The record demonstrates that the district court declined to enhance Dailey's

5

offense level for his drug offenses for possession of a dangerous weapon under §

2D1.1(b)(1) because Dailey had been convicted of carrying a firearm during a drug

trafficking offense. The district court enhanced Dailey's base offense level for

possession of a firearm by a convicted felon because he possessed three firearms

under § 2K2.1(b)(1)(A), but it declined to enhance his offense level under §

2K2.1(b)(5) for possession of a firearm in connection with another felony because

Dailey had been convicted of carrying a firearm in connection with a drug crime.

The district court did not enhance Dailey's sentence for his use of a firearm during

a drug trafficking crime. Thus, the district court did not double-count his firearm

offense, as prohibited by the amendment, and the district court did not abuse its

discretion in declining to reduce Dailey's sentence. Accordingly, we affirm on this

issue.

Lastly, Dailey argues that the jury never determined his base offense level

and the district must find him responsible for a specific drug quantity pursuant to

Amendment 668. The Guidelines provide that,

> [w]here a defendant is serving a term of imprisonment, and the guideline
> range applicable to that defendant has subsequently been lowered as a result
> of an amendment to the Guidelines Manual listed in subsection (c) below, a
> reduction in the defendant's term of imprisonment is authorized under 18
> U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a). Only those amendments which lower the applicable

Guideline range and are listed in § 1B1.10(c) trigger eligibility for consideration under § 3582(c)(2). § 1B1.10, comment. (n. 1). "Failure to follow such commentary could constitute an incorrect application of the guidelines, subjecting the sentence to possible reversal on appeal." § 1B1.7.

Amendment 668 modified the maximum base offense levels for certain offenders convicted for drug offenses. U.S.S.G. App. C, Amendment 668. This amendment eliminated the mitigating-role cap of § 2D1.1(a)(3), and, in order to address proportionality concerns, inserted a sliding scale in both § 2D1.1 and § 2D1.11, so that a person receiving a mitigating role reduction would receive a corresponding reduction in his base offense level. *Id.* Amendment 668 is not included in § 1B1.10(c)'s list, so "a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." § 1B1.10(a).

We have held that *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), does not apply retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.), *cert. denied*, 126 S. Ct. 312 (2005). We have also held that the United States Supreme Court has not made *Booker* retroactively available on collateral review for purposes of authorizing a second or successive § 2255 motion. *In re Anderson*, 396 F.3d 1336,

1339-40 (11th Cir. 2005). We recently held that *Booker* was a Supreme Court decision, not a retroactively applicable Guidelines amendment by the Sentencing Commission, and, thus, was inapplicable to § 3582(c)(2) motions. *Moreno*, 421 F.3d at 1220.

After reviewing the record, we conclude that the district court properly found it could not reduce Dailey's sentence under § 3582 based on a review of the record, Amendment 668, and the advisory nature of the Guidelines. Because Amendment 668 is not included in the covered amendments that can be applied retroactively to trigger eligibility for § 3582 relief and *Booker* is inapplicable to § 3582(c)(2) motions, the district court did not abuse its discretion in denying Dailey's motion for a reduction in his sentence based on Amendment 668 and the advisory Guidelines. For the above-stated reasons, we affirm the district court's order denying Dailey's motion to reduce his sentence.

**AFFIRMED.**