[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13281
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00237-WTH-TBS


DONNIE WAYNE NIPPER,

                                                        Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN – MEDIUM,

                                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 8, 2015)

Before HULL, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Donnie Wayne Nipper, a federal prisoner proceeding pro se, appeals the

district court's dismissal of his 28 U.S.C. § 2241 petition for a writ of habeas

corpus.  Nipper argues that the 195-month prison sentence imposed after he pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), exceeds the maximum 120-month term authorized by Congress.  Specifically, he argues that because of several intervening U.S. Supreme Court decisions, his prior convictions for common-law robbery and "breaking or entering" did not qualify as predicate convictions supporting an enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1).[1]  Nipper further argues that the government may not support his ACCA enhancement now by relying on prior convictions it did not rely upon at sentencing.  After careful review, and in light of our recent decision in Bryant v. Warden, FCC Coleman – Medium, 738 F.3d 1253 (11th Cir. 2013), we affirm.

We review de novo whether a prisoner may bring a § 2241 petition under the 28 U.S.C. § 2255(e) "savings clause."  Bryant, 738 F.3d at 1262.  "When a conviction has become final, a federal prisoner usually may challenge the legality of his detention only through a § 2255 motion [to vacate]."  Id. at 1256.  Once a prisoner has filed a § 2255 motion, he must apply for and receive permission from this Court before filing a successive § 2255 motion.  See 28 U.S.C. § 2255(h); Bryant, 738 F.3d at 1260.  Here, Nipper unsuccessfully sought permission to file a

---

[1] Under the ACCA, a defendant convicted under § 922(g) is subject to a mandatory minimum 15-year prison sentence if he has 3 prior convictions for a violent felony or a serious drug offense, or both, committed on occasions different from one another.  18 U.S.C. § 924(e)(1).  A § 922(g) conviction otherwise carries a 10-year maximum prison term. § 924(a)(2).

2

successive § 2255 motion in the Fourth Circuit.

However, a prisoner may file a § 2241 petition if he shows that a § 2255 motion was "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); Bryant, 738 F.3d at 1256, 1262.  Whether this provision—the § 2255(e) "savings clause"—may "open the portal" to a § 2241 petition is a "jurisdictional question" that must be decided before addressing the merits of a petitioner's claims.  Bryant, 738 F.3d at 1262.  The restrictions on filing successive § 2255 motions do not alone render a § 2255 remedy inadequate or ineffective for purposes of the "savings clause."  See id. at 1267.

In Bryant, we held that to show that a prior § 2255 motion was inadequate or ineffective, a petitioner asserting a sentencing error must establish that: (1) binding circuit precedent squarely foreclosed the claim "throughout his sentencing, direct appeal, and first § 2255 proceeding"; (2) "subsequent to his first § 2255 proceeding," a U.S. Supreme Court decision overturned that circuit precedent; (3) the rule announced in that decision applies retroactively on collateral review; and (4) as a result of that new rule, the petitioner's sentence exceeds the statutory maximum authorized by Congress.  738 F.3d at 1274, 1281.  The claims Nipper raises in his § 2241 petition do not satisfy these jurisdictional requirements because none of the U.S. Supreme Court cases on which he relies were decided "subsequent to his first § 2255 proceeding," id. at 1274, which concluded on

3

October 29, 2010.  See Carachuri-Rosendo v. Holder, 560 U.S. 563, 130 S. Ct. 2577 (decided June 14, 2010); Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (decided March 2, 2010); Hunter v. United States, 558 U.S. 1143, 130 S. Ct. 1135 (decided January 19, 2010), Watts v. United States, 558 U.S. 1143, 130 S. Ct. 1134 (same)[2]; Chambers v. United States, 555 U.S. 122, 129 S. Ct. 687 (decided January 13, 2009); Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (decided April 16, 2008); cf. In re Hill, 113 F.3d 181, 182–84 (11th Cir. 1997) (concluding that a new rule of law was not "previously unavailable" for purposes of a successive 28 U.S.C. § 2254 habeas petition because the Supreme Court decision forming the basis for the new rule was issued while the petitioner's prior § 2254 proceedings were pending).  Consequently, the district court lacked jurisdiction to consider Nipper's § 2241 petition.

During this appeal, Nipper has filed several Notices of Supplemental Authorities, in which he seeks to rely on cases decided since the conclusion of the district court proceedings.  The only Supreme Court case he cites is Descamps v. United States, 570 U.S. ___, 133 S. Ct. 2276 (2013).  There, the Court considered whether a sentencing court may examine certain documents to determine whether a prior conviction for a crime with a single, indivisible set of elements qualifies as a

---

[2] Hunter and Watts do not satisfy the § 2255(e) savings clause for the additional reason that neither case overruled circuit precedent.  Both decisions consisted of a single sentence in which the Supreme Court granted the petitions for certiorari and remanded the cases to this Court in light of the position asserted in the government's briefs.  See Hunter, 558 U.S. 1143, 130 S. Ct. 1135; Watts, 558 U.S. 1143, 130 S. Ct. 1134.

"violent felony" under the ACCA's enumerated-offenses provision, § 924(e)(2)(B).  Descamps, 133 S. Ct. at 2281–83.  The Court concluded that, when faced with a prior conviction for violating an indivisible statute—i.e., one not containing alternative elements—sentencing courts may apply only the "categorical approach," which requires comparing the elements of the statute forming the basis of the prior conviction with the elements of the "generic" version of that crime.  See id. at 2283

Nipper may not "open the portal" to a § 2241 petition based on Descamps.  Neither the Supreme Court nor this Court has held that Descamps applies retroactively on collateral review.  Beyond that, Descamps was decided in the context of a direct appeal, and the Supreme Court has not since applied it to a case on collateral review.  See id. at 2282–83; cf. In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (concluding that United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), was not retroactively applicable in part because it was decided on direct appeal and the Supreme Court had not applied it to a case on collateral review).

Finally, none of the remaining cases cited in Nipper's Notices of Supplemental Authorities contradict the fact that all of the Supreme Court cases on which he relied in his § 2241 petition were decided well before the conclusion of his § 2255 proceedings.  For those reasons, we affirm the dismissal of Nipper's

5

§ 2241 petition.

**AFFIRMED.**