[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13281
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cv-00237-WTH-TBS

DONNIE WAYNE NIPPER,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - MEDIUM,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 1, 2017)

**ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES**

Before HULL, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Donnie Wayne Nipper appeals the district court's dismissal of his 28 U.S.C. § 2241 habeas corpus petition.  Nipper argues that the 195-month prison sentence imposed after he pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), exceeds the maximum 120-month term authorized by Congress.  Specifically, he argues that because of several intervening U.S. Supreme Court decisions, his prior convictions for common-law robbery and "breaking or entering" do not qualify as predicate convictions supporting the sentencing enhancement he received under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[1]

In January 2015, we affirmed the dismissal of Nipper's § 2241 petition.  See Nipper v. Warden, FCC Coleman-Medium, 597 F. App'x 581, 583 (11th Cir. 2015) (per curiam) (unpublished).  Nipper then filed a petition for certiorari in the Supreme Court.  The Supreme Court granted that petition on June 30, 2015. Nipper v. Pastrana, 576 U.S. ___, 135 S. Ct. 2946 (2015) (mem.).  The Court vacated our opinion and remanded for further consideration in light of Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), which struck down the residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague.  Nipper, 135 S. Ct. at 2946.  On remand, we again affirm.

---

[1] Under the ACCA, a defendant convicted under § 922(g) is subject to a mandatory minimum 15-year prison sentence if he has three prior convictions for crimes that are either a "violent felony" or "serious drug offense."  18 U.S.C. § 924(e)(1).  A conviction under § 922(g) otherwise carries a maximum prison term of 10 years.  Id. § 924(a)(2).

A collateral attack on the legality of a federal conviction or sentence generally may be brought only under 28 U.S.C. § 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  However, the "savings clause" of § 2255 allows a federal prisoner to file a habeas petition pursuant to § 2241 if the prisoner can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).

The Supreme Court's ruling in Johnson does not change our decision that Nipper cannot proceed under § 2241 through the savings clause.  The savings clause does not apply to claims based on new rules of constitutional law—such claims must be brought in a second or successive § 2255 motion under § 2255(h)(2).  See Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1342–43 (11th Cir. 2013) (explaining that 28 U.S.C. § 2255(h)(2) specifically allows for a second or successive § 2255 motion "when the basis of the challenge is a new rule of constitutional law" and the savings clause applies only to claims "that are not covered by § 2255(h)" (quotation omitted)); Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc) (refusing "to interpret the savings clause in a way that would . . . render [§ 2255(h)] pointless").  Because Johnson established a new rule of constitutional law, it cannot be the basis for relief under the savings clause.

**AFFIRMED.**

3