[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 17, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-11725
Non-Argument Calendar
_____

D. C. Docket Nos. 98-0009-CR-T-2
01-00916-CV-T-26TBM

VICTOR VARELA,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 17, 2005)**

Before BIRCH, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Victor Varela, a federal prisoner serving a 235-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine, appeals the district court's denial of his counseled 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted Varela a certificate of appealability ("COA") on several issues, including the following: "Is Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), retroactive to cases on collateral review pursuant to Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060 (1989)?"[1] After review, we affirm the denial of Varela's § 2255 motion.

## I. BACKGROUND

In January 1998, Victor Varela and several co-defendants were indicted for conspiracy to possess with intent to distribute "five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine . . . contrary to the provisions of Title 21, United States Code, Section 841(a)(1). In violation of Title 21, United States Code, Section 846."

Varela proceeded to trial, and on May 29, 1998, the jury found Varela guilty. The statutory maximum for the offense in the indictment is 240 months (20 years).

___

[1] After we issued Varela a COA, the Supreme Court further explained that the holding in Blakely applies to the Federal Sentencing Guidelines. United States v. Booker, – U.S. –, 125 S. Ct. 738 (2005). To the extent Varela's appeal turns on the application of Blakely, it also turns on the application of Booker.

21 U.S.C. § 841(b)(1)(C).

The Presentence Investigation Report ("PSI") calculated that the offense involved 150 kilograms or more of cocaine, which corresponded to a base offense level of 38. See U.S.S.G. § 2D1.1(c)(1) (providing for base offense level of 38 when drug quantity is 150 kilograms or more of cocaine). The PSI indicated that on November 7, 1997, Varela and co-defendant Juan Rodriguez arrived in Tampa, Florida in a rented truck and picked up 150 kilograms of cocaine. Shortly after the pick-up, Florida Highway Patrol stopped the rented truck, seized the cocaine, and found Varela in possession of two handguns, which were registered to Rodriguez.

The PSI also recommended a two-level increase for possessing a firearm during the offense, and a two-level minor-role reduction, which offset each other. Thus, Varela's total offense level remained 38. With a criminal history category of I, Varela's applicable sentencing range was 235 to 293 months' imprisonment.

Varela objected to the drug quantity calculations in the PSI. At sentencing on May 27, 1998, Varela maintained his objection to the drug quantity. The district court overruled Varela's objection to the drug quantity and sentenced Varela to 235 months' imprisonment.

Varela timely appealed, raising arguments related only to his conviction. On January 13, 2000, this Court affirmed Varela's conviction. United States v.

Rodriguez, No. 98-3161, at *19 (Jan. 13, 2000). Varela filed a Petition for Writ of Certiorari before the United States Supreme Court, which was denied on May 15, 2000. Varela v. United States, 529 U.S. 1122, 120 S. Ct. 1992 (2000).

On May 10, 2001, Varela filed the instant counseled § 2255 motion, raising two grounds for relief. In his first ground for relief, Varela argued that pursuant to Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), the district court wrongly determined his base offense level based on a drug quantity neither alleged in the indictment nor proved to a jury beyond a reasonable doubt. In a supporting memorandum, Varela argued that his offense level of 38 was based on 150 kilograms of cocaine, when the indictment alleged only that he possessed 5 or more kilograms without specifying the precise quantity. In his second ground for relief, Varela argued that his conviction was obtained by evidence that was from illegal police activity.

On March 9, 2004, the district court denied Varela's § 2255 motion. As to Varela's Apprendi claim, the district court concluded that Apprendi does not apply retroactively to cases on collateral review. The district court further determined that Apprendi had no effect on Varela because his 235-month sentence did not exceed the 20-year (240-month) statutory maximum. As to Varela's second ground for relief, the district court concluded that the claim regarding illegal police

4

activity was unsupported and also procedurally barred.

After the district court denied Varela's § 2255 motion, the Supreme Court decided Blakely on June 24, 2004. Blakely extended the rule in Apprendi and concluded that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537 (emphasis in original).

This Court initially denied Varela's application for a certificate of appealability ("COA"). On August 5, 2004, however, this Court vacated the denial and granted Varela's counseled motion for a COA on the following issue:

> Is Blakely v. Washington, 542 U.S. __, 124 S. Ct. 2531 (2004), retroactive to cases on collateral review pursuant to Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989)?[2]

## II. DISCUSSION

On appeal, Varela argues that, while new rules of constitutional law generally do not apply retroactively, the rule announced in Blakely (now Booker)

---

[2]This Court also granted a COA on two other issues: (1) "Is appellant procedurally barred from raising the instant constitutional challenge to his sentence because it was not raised on direct appeal?"; and (2) "If Blakely is retroactive to cases on collateral review and the appellant's claim is not procedurally barred, does appellant's 235-month sentence violate Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), as explained in Blakely?" Because we have determined that Booker is not retroactive on collateral review, we need not address these two issues.

5

should apply retroactively because it is "implicit in the concept of ordered liberty." Varela asserts that <u>Blakely</u> (now <u>Booker</u>) is "one of those very rare cases that should be determined to be retroactive to matters on collateral attack."[3]

While neither this Court nor the Supreme Court has addressed the retroactivity of <u>Blakely</u> or <u>Booker</u> in the context of a § 2255 motion, the Supreme Court's recent decision in <u>Schriro v. Summerlin</u>, 542 U.S. ___, 124 S. Ct. 2519 (2004), is essentially dispositive. In <u>Schriro</u>, the Supreme Court concluded that the new requirement in <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S. Ct. 2428 (2002), which, like <u>Blakely</u> and <u>Booker</u>, is an application of <u>Apprendi</u>'s principles, does not apply retroactively to cases on collateral review. <u>Schriro</u>, 124 S. Ct. at 2526-27.

In <u>Ring</u>, the Supreme Court concluded that an Arizona law was unconstitutional under <u>Apprendi</u> because it placed in the hands of the judge the power to find any one of ten aggravating factors necessary to trigger the death penalty. The Supreme Court in <u>Ring</u> concluded that the Sixth Amendment gave a defendant the right to have a jury find such aggravating sentencing factors beyond a reasonable doubt. <u>Ring</u>, 536 U.S. at 609, 122 S. Ct. at 2443.

_____

[3]When reviewing the district court's denial of a § 2255 motion, we review questions of law <u>de novo</u> and findings of fact for clear error. <u>Lynn v. United States</u>, 365 F.3d 1225, 1232 (11th Cir.), <u>cert. denied</u>, 125 S.Ct. 167 (2004). <u>De novo</u> review applies to the issue of whether a claim is barred by the non-retroactivity doctrine of <u>Teague</u>. <u>Spaziano v. Singletary</u>, 36 F.3d 1028, 1041 (11th Cir. 1994).

In Schriro, the Supreme Court analyzed the Ring rule under Teague, and concluded that Ring's jury requirement on aggravating sentencing factors was a new rule of criminal procedure and not a substantive rule. Schriro, 542 U.S. at __, 124 S. Ct. at 2523. The Supreme Court noted that Ring did not alter the range of conduct that the Arizona law subjected to the death penalty. Instead, "Ring altered the range of permissible methods for determining whether a defendant's conduct is punishable by death, requiring that a jury rather than a judge find the essential facts bearing on punishment." Id. The Supreme Court then stated that "[r]ules that allocate decisionmaking authority in this fashion are prototypical procedural rules. . . ." Id. (emphasis added).

The Supreme Court's statements in Schriro regarding the Ring rule also apply to Booker. In Booker, a majority of the Supreme Court, in an opinion authored by Justice Stevens, concluded that the mandatory nature of the Guidelines made them incompatible with the Sixth Amendment's guarantee to the right to a jury trial where "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [was not] admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756; In re Anderson, – F.3d –, 2005 WL 123923, at *2 (11th Cir. Jan. 21, 2005). Similar to the

7

constitutional rule announced in Ring, the constitutional rule announced in Booker is a "prototypical procedural rule[]." See Schriro, 542 U.S. at __, 124 S. Ct. at 2523.[4]

A procedural decision may be applied retroactively if it establishes one of those rare "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Schriro, 542 U.S. at __, 124 S. Ct. at 2524 (quotation marks and citations omitted). In Schriro, the Supreme Court noted that "[t]he right to jury trial is fundamental to our system of criminal procedure," but the Court ultimately held that Ring's "jury-not-judge" rule was not a "watershed rule[] of criminal procedure" to be applied retroactively. Id. at 2526. We now join the Seventh Circuit in concluding that the same is true of Booker. McReynolds v. United States, – F.3d –, 2005 WL 237642, at *1 (7th Cir. Feb. 2, 2005) (concluding that Booker does not apply retroactively to cases on collateral review and stating that "[a]lthough the Supreme Court did not address the retroactivity question in Booker, its decision in Schriro v. Summerlin, – U.S. –, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point").

Therefore, as the Supreme Court concluded in Schriro, we conclude that

---

[4]There is no dispute in this case that Varela's conviction became final on May 15, 2000, well before Blakely and Booker were decided, and that the issue here is only whether Varela is entitled to the benefit of Booker on collateral review.

<u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.  <u>See</u> <u>Schriro</u>, 542 U.S. __, 124 S. Ct. at 2526-27.  Accordingly, we affirm the denial of Varela's § 2255 motion.

**AFFIRMED.**