Hukvari v. United States             04-CV-290-SM  04/01/05
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


James Hukvari,
        Petitioner

        v.                              Civil No. 04-cv-290-SM
                                        Opinion No. 2005 DNH 053
United States of America,
        Respondent


                          **O R D E R**


        Petitioner challenges the legality of his sentence, under

the provisions of 28 U.S.C. § 2255.  He asserts that application

of the United States Sentencing Guidelines in his case resulted

in a deprivation of his Sixth Amendment rights to have a jury

determine facts enhancing his guideline sentencing range, and to

have the jury determine those facts beyond a reasonable doubt.

Essentially, petitioner seeks to benefit from recent decisions of

the United States Supreme Court in Blakely v. Washington, ___

U.S. ___, 124 S.Ct. 2531 (2004) and United States v. Booker, ___

U.S. ___, 125 S.Ct. 738 (2005).


        Petitioner pled guilty to one count of wire fraud, in

violation of 18 U.S.C. § 1343, on August 18, 2003, and was

sentenced on November 24, 2003.  He did not file a direct appeal of his conviction or sentence.  His Section 2255 petition raising Booker issues was filed timely, but he is not entitled to collateral relief based upon Booker or Blakely.

Both Blakely and Booker were decided after petitioner's conviction and sentence became final.  Accordingly, absent retroactive application of the rule announced in those cases, particularly Booker, the petition is without merit.  Although the Court of Appeals for the First Circuit has not yet addressed the issue, the prevailing view among other courts of appeals and district courts is that neither Booker nor Blakely is retroactively applicable to cases on collateral review.  See, e.g., Varela v. United States, 400 F.3d 864, No. 04-11725, 2005 WL 367095 (11th Cir. Feb. 17, 2005); McReynolds v. United States, 397 F.3d 479, 2005 WL 237642 at 1 (7th Cir. Feb. 2, 2005); United States v. Wenzel, ___ F.Supp.2d ___, 2005 WL 579064 (W.D. Pa. March 2, 2005) (collecting cases).

This is because the new rule rendering the Sentencing Guidelines advisory is procedural rather than substantive in

nature.  It does not qualify as a "watershed rule" implicating "the fundamental fairness and accuracy of the criminal proceedings," so does not retroactively apply to already final convictions.  Saffle v. Parks, 494 U.S. 484, 495 (1990); see also McReynolds v. United States, supra; Schriro v. Summerlin, 124 S.Ct. 2519, 2523-26 (2004); Sepulveda v. United States, 330 F.3d 55, 63 (1st Cir. 2003).

The petition is denied.


**SO ORDERED.**


_____
Steven J. McAuliffe
Chief Judge

April 1, 2005

cc:  James E. Hukvari, pro se
     Peter E. Papps, Esq.