DeFrancesco v. United States          04-CV-324-SM  04/05/05
                    UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Richard DeFrancesco,
      Petitioner

      v.                                    Civil No. 04-cv-324-SM
                                            Opinion No. 2005 DNH 054
United States of America,
      Respondent

                           O R D E R


     Petitioner seeks to collaterally attack his federal sentence
under the provisions of 28 U.S.C. § 2255.  On March 2, 2003, he
pled guilty to one count of conspiracy to possess with the intent
to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and
846.  He was sentenced on September 26, 2003.  No direct appeal
was filed.


     The petitioner raises two basic issues.  Petitioner says his
criminal history category was miscalculated under the Sentencing
Guidelines in that prior state convictions for assault and
battery, malicious destruction of property, assault and battery,
and assault with a dangerous weapon (knife) were counted twice.
All four convictions occurred on October 1, 1997, but were
related to two separate incidents.  The first incident took place

on February 16, 1997, and the second on February 18, 1997 (each incident gave rise to separate criminal charges). The Presentence Investigation Report fully recognized that the offenses arising from the second incident were related to the first for guideline sentencing purposes, but still scored one point for the second set of offenses under U.S.S.G. 4A1.1(f), because those offenses constituted crimes of violence. Therefore, the same set of convictions was not "counted twice" as petitioner alleges. Petitioner was properly found to be a career offender, given his qualifying predicate convictions. The sentencing range was properly calculated and the sentence imposed was lawful.[1]

Lastly, petitioner seeks relief under the rules announced in the Supreme Court's recent decisions in <u>Blakely v. Washington</u>, ___ U.S. ___, 124 S.Ct. 2531 (2004) and <u>United States v. Booker</u>, ___ U.S. ___, 125 S.Ct. 738 (2005).

---

[1] Petitioner also seems to challenge the drug quantities attributed to him, but did not appeal that issue and offers no basis upon which to find either cause or prejudice for his procedural default. And, his reasons for disputing the attriubted quantities now (hearsay; co-defendant coercion) are without merit.

2

Both Blakely and Booker were decided after petitioner's conviction and sentence became final. Accordingly, absent retroactive application of the rule announced in those cases, particularly Booker, the petition is without merit. Although the Court of Appeals for the First Circuit has not yet addressed the issue, the prevailing view among other courts of appeals and district courts is that neither Booker nor Blakely is retroactively applicable to cases on collateral review. See, e.g., Varela v. United States, 400 F.3d 864, No. 04-11725, 2005 WL 367095 (11th Cir. Feb. 17, 2005); McReynolds v. United States, 397 F.3d 479, 2005 WL 237642 at 1 (7th Cir. Feb. 2, 2005); United States v. Wenzel, ___ F.Supp.2d ___, 2005 WL 579064 (W.D. Pa. March 2, 2005) (collecting cases).

This is because the new rule rendering the Sentencing Guidelines advisory is procedural rather than substantive in nature. It does not qualify as a "watershed rule" implicating "the fundamental fairness and accuracy of the criminal proceedings," so does not retroactively apply to already final convictions. Saffle v. Parks, 494 U.S. 484, 495 (1990); see also McReynolds v. United States, supra; Schriro v. Summerlin, 124

3

S.Ct. 2519, 2523-26 (2004); <u>Sepulveda v. United States</u>, 330 F.3d 55, 63 (1st Cir. 2003).

The petition is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

April 5, 2005

cc:  Richard DeFrancesco
     Peter E. Papps, Esq.