**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTIN LUGO-LOPEZ,

Defendant - Appellant.

No. 04-4269

(D.C. No. 2:04-CV-924-DAK)

(D. Utah)

**ORDER**

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

Movant Martin Lugo-Lopez pleaded guilty to the offense of illegal reentry of a previously deported alien, *see* 8 U.S.C. § 1326, and was sentenced to 34 months' confinement. He filed a motion to set aside his sentence under 28 U.S.C. § 2255 in the United States District Court for the District of Utah. The motion alleged ineffective assistance of counsel. It cites *Blakely v. Washington*, 124 S. Ct. 2531 (2004), but does not explain why. The district court denied the motion because Movant failed to demonstrate that his counsel's alleged ineffectiveness was prejudicial. The district court did not act on Movant's request for a certificate of appealability (COA) and the request is thus deemed denied. *United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000).

Movant has now applied for a COA from this court. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA). Because reasonable jurists would not disagree on the merits of Movant's claim, we deny the request and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "Where a district court has rejected the constitutional claims on the merits," the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We recognize that in determining whether to issue a COA, a "full consideration of the factual or legal bases adduced in support of the claims" is not required. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Instead, the decision must be based on "an overview of the claims in the habeas petition and a general assessment of their merits." *Id.*

Movant's pro se request for a COA does not pursue his ineffective-assistance-of-counsel claim. Rather, it alleges that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 125 S. Ct. 738, (2005), because it exceeded the statutory maximum that can be supported on the facts either proven to a jury or admitted by him. His claims are without merit.

Movant's plea agreement, signed by him and his counsel, includes the following admission:

5.     My previous convictions include, but may not be limited to, the following:

On September 21, 1999, Third Degree Felony, Illegal Possession/Use of Controlled Substance, Cocaine, Third District Court, Salt Lake City, UT; Case No. 961024998.

On September 28, 1999, Second Degree Felony, Distribute/Offer/Arrange to Distribute a Controlled Substance, Heroin, and Illegal Possession/Use of a Controlled Substance, Heroin, Third District Court, Salt Lake City, UT; Case No. 9919176869.

R. Doc. 13 at 9. Movant's claim that his 34-month sentence exceeds the statutory maximum assumes that he was sentenced under § 1326(a), which has a two-year maximum. But § 1326(a) applies only in the absence of prior convictions specified by § 1326(b). If the person convicted of illegal reentry has a prior aggravated-felony conviction, he is sentenced under § 1326(b), and the statutory maximum, as stated in Movant's plea agreement, is 20 years' imprisonment. Movant admitted prior aggravated felonies in the plea agreement, and his 34-month sentence is well below the statutory maximum.

Insofar as Movant's claims might be construed to allege that his sentence violates *Booker's* remedial holding rendering the Sentencing Guidelines advisory, we find it meritless. As an initial matter, we note that we have not yet decided whether *Booker* applies retroactively to cases on collateral review. Several of our sister circuits have held that it does not. *See Guzman v. United States*, 2005 WL 803214 (2d Cir. Apr. 8, 2005); *Humphress v. United States*, 398 F.3d 855 (6th

Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005). We need not address the retroactivity question, however, because even assuming *Booker* applies, Movant's claim fails. Nothing in the record suggests that Movant raised a claim under *Apprendi* or *Blakely* before he filed his § 2255 motion. He is therefore entitled at most to plain-error review. *See United States v. Gonzalez-Huerta*, 403 F.3d 727, 732 (10th Cir. 2005) (en banc). Furthermore, because Movant admitted his prior felony convictions, the only error would be mandatory application of the guidelines, which is nonconstitutional *Booker* error.

We recently noted that nonconstitutional *Booker* error does not merit reversal under the plain-error test unless it was "a particularly egregious one that would result in a miscarriage of justice or otherwise call the judiciary into disrepute unless we remanded." *Gonzalez-Huerta*, 403 F.3d at 739. In *Gonzalez-Huerta* the defendant pleaded guilty to illegal reentry by a deported alien following an aggravated felony, the same crime at issue in this case. *Id.* at 730. He appealed his sentence, arguing that the mandatory application of the guidelines was reversible plain error. *Id.* at 731. We held that the mandatory application of the guidelines was neither "particularly egregious" nor a "miscarriage of justice" because the resulting sentence was within the national norms established by the guidelines and the record was devoid of any evidence indicating a lower sentence

was appropriate. *Id.* at 738-39. Here, Movant admitted the underlying facts and the record likewise lacks evidence that indicates a lower sentence is appropriate. The case is thus indistinguishable from *Gonzalez-Huerta*. Movant has failed to show that the mandatory application of the guidelines was plain error in his case.

For the foregoing reasons, we DENY the application for COA and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge