[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14938
Non-Argument Calendar
_____

D. C. Docket No. 03-02269-CV-T-27TGW

JEFFERY CHARLES COOK,

Petitioner-Appellant,

versus

RANDY BRYANT, Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(July 1, 2005)**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Jeffery Charles Cook, a Florida prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas petition. We granted a

certificate of appealability ("COA") on the following issues:

(1)     Are either <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), or <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), retroactive to cases on collateral review pursuant to <u>Teague v. Lane</u>, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)?

(2)     If so, is the appellant able to challenge his sentences on collateral review pursuant to 28 U.S.C. § 2244(d)(1)(C)?

On appeal, Cook argues that justice requires retroactive application to all who are similarly situated. He asserts that he did not stipulate to any of the relevant facts used to enhance his sentence. Since granting the COA we have held in <u>United States v. Varela</u>, 400 F.3d 864, 868 (11th Cir. 2005) and <u>United States v. Swindall</u>, 107 F.3d 831, 834 n.4 (11th Cir. 1997) that <u>Booker</u> is not retroactively applicable to cases on collateral review. Thus, the district court did not err in denying Cook's § 2254 petition. <u>See</u> <u>Varela</u>, 400 F.3d at 868; <u>Swindall</u>, 107 F.3d at 834 n.4.[1] Because the first question is answered negatively, we need not address the second question.

**AFFIRMED.**

---

[1] As in <u>Varela</u>, after we issued a COA, the Supreme Court further explained in <u>Booker</u> that the holding in <u>Blakely</u> applies to the Federal Sentencing Guidelines. <u>See</u> <u>Varela</u>, 400 F.3d at 865 n.1. Thus, to the extent Cook's appeal turns on the application of <u>Blakely</u>, it also turns on the application of <u>Booker</u>.