[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 8, 2005
THOMAS K. KAHN
CLERK

No. 04-15611
Non-Argument Calendar

_____

D. C. Docket Nos.
04-00107-CV-AAA
03-00026-CR-AAA

RAYMOND GELINAS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(September 8, 2005)

Before ANDERSON, BIRCH and PRYOR, Circuit Judges.

PER CURIAM:

Raymond Gelinas appeals, pro se, the denial of a motion to attack his sentence, under section 2255 of Title 28 of the United States Code, and alleges that his sentencing was illegal, under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). Gelinas argues that we should apply Blakely retroactively and invalidate his federal sentence for possession with the intent to distribute oxycodone. Varela v. United States, 400 F.3d 864 (11th Cir. 2005), controls squarely the question Gelinas's certificate of appealability presents. We affirm the denial of his motion under section 2255.

Gelinas pleaded guilty to two counts of possession with intent to distribute oxycodone and was sentenced to concurrent sentences of 48 months in prison. Gelinas did not pursue a direct appeal. A retroactive amendment to the Sentencing Guidelines later reduced Gelinas's sentence to 26 months in prison. In August 2004, after the Supreme Court decided Blakely, Gelinas filed his first motion for collateral review and argued that his sentence was illegal under Blakely.

The district court denied Gelinas's motion. Afterwards, the Supreme Court made advisory the federal Sentencing Guidelines in United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). Gelinas then applied for, and was granted, a certificate of appealability to answer the following two questions: first, should we apply Blakely "and/or" Booker retroactively to cases on collateral review; and

second, if that rule is retroactive, was Gelinas's sentence enhanced improperly based on his possession of a firearm, a fact found by the judge? We review the issues of law de novo. Varela, 400 F.3d at 867 n.3.

A panel of this Court has already answered the first of these questions, and that answer is dispositive. In Varela, this Court determined that "Schriro v. Summerlin, 542 U.S. [348], 124 S. Ct. 2519 (2004), is essentially dispositive" of this issue and, like the new rule announced in Ring v. Arizona, 536 U.S. 584, 122 S. Ct. 2428 (2002), the "prototypical procedural rule" of Booker should not be applied retroactively to cases on collateral review. 400 F.3d at 867. The denial of Gelinas's motion is, therefore,

**AFFIRMED.**

3