[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 18, 2005
THOMAS K. KAHN
CLERK

No. 05-11010
Non-Argument Calendar

_____

D. C. Docket No. 01-00032-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WARREN CHARLTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(November 18, 2005)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Federal prisoner Warren G. Charlton appeals the district court's denial of his motion to reduce his sentence, which was brought pursuant to 18 U.S.C. § 3582(c)(1)(B).[1] Charlton's motion asserts the district court did not have jurisdiction to sentence him beyond the statutory maximum in 21 U.S.C. § 841(b)(1)(D), pursuant to *United States v. Booker*, 125 S. Ct. 738 (2005). According to Charlton, his sentence was increased based upon facts that were not charged in the indictment or found beyond a reasonable doubt by the jury. The district court denied Charlton's motion.

A district court's decision of whether to reduce a sentence pursuant to § 3582(c) is reviewed for an abuse of discretion. *United States v. Vautier*, 144 F.3d 756, 759 n.3 (11th Cir.1998). Section 3582(c)(1)(B) states:

> The court may not modify a term of imprisonment once it has been imposed except that --
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure . . .

18 U.S.C. § 3582(c)(1)(B). According to Rule 35, a court may: (1) correct a sentence that "resulted from arithmetical, technical, or other clear error;" and

---

[1] On appeal, Charlton also asserts the court should have reduced his sentence pursuant to 18 U.S.C. § 3582(c)(2). Charlton failed to raise this claim in the district court, and we do not consider issues raised for the first time on appeal. *United States v. Kent*, 175 F.3d 870, 871 n.1 (11th Cir. 1999).

(2) reduce a sentence to reflect a defendant's post-sentencing substantial assistance. Fed. R. Crim. P. 35.

Charlton's claim of constitutional error under *Booker* is not cognizable under § 3582(c)(1)(B). Charlton's motion essentially constitutes a collateral attack on his original sentence, for which he would need to submit an application to file a second or successive 28 U.S.C. § 2255 motion. We have held, however, that *Booker* does not apply retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005). Thus, the district court did not abuse its discretion by denying Charlton's motion.

AFFIRMED.