[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16214
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 18, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-00137-CV-OC-10-GRJ

SHEDRICK GRAHAM,

                                                    Petitioner-Appellant,

versus

CARLYLE HOLDER,
Warden,

                                                    Respondent-Appellee,

FEDERAL CORRECTIONAL COMPLEX, et al.,

                                                    Respondents.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(April 18, 2006)**

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Federal prisoner Shedrick Graham, filing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition attacking the validity of his federal conviction under 21 U.S.C. § 841(a)(1) for drug trafficking. Graham argued in the district court that (1) the indictment against him was defective for failing to specifically allege that he was not authorized to distribute controlled substances; (2) 21 U.S.C. § 841(a)(1) was only intended to apply to persons registered with the Attorney General under federal controlled substances laws; and (3) 21 U.S.C. § 841(a)(1) was altered after being signed into law, thus rendering the statute void. The district court found that Graham's petition did not fall within the savings clause of 28 U.S.C. § 2255 and therefore dismissed the petition for failing to state a claim cognizable under § 2241.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The savings clause in § 2255, however, permits a prisoner to "file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Id. at 1365. The savings clause "applies when (1) a claim is based upon a retroactively applicable Supreme Court decision; (2)

the holding of the Supreme Court decision establishes that the petitioner was convicted for an offense that is now nonexistent; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised . . . ." Id. (citing Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)).

None of the three claims Graham raised in the district court are supported by a retroactively applicable Supreme Court decision, and therefore none survive the first prong of Wofford. We have held that the cases cited by Graham to support his first claim – namely, Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005) – are not retroactively applicable on collateral review. See McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (addressing Apprendi); United States v. Verala, 400 F.3d 864, 867-68 (11th Cir. 2005) (addressing Blakely and Booker), cert. denied, 529 U.S. 1122 (2005). Because none of Graham's claims satisfy the first Wofford requirement, it is unnecessary for us to consider the second and third prongs.[1]

Based on review of the record and the parties' briefs, we find no reversible

[1] Graham urges us to consider his petition despite his failure to satisfy the Wofford test. But even assuming that a conclusory statement to this effect in the district court preserved this claim for appeal, Graham's newly formulated justifications are unavailing. Graham is flatly incorrect to assert that his allegedly insufficient indictment constituted a jurisdictional defect. See United States v. Cotton, 535 U.S. 625, 630031 (2002). Nor does Graham present evidence to support his alternative argument that the executive branch has engaged in a multi-decade plot to prosecute a war on drugs contrary to Congressional intent.

3

error.  The district court properly dismissed Graham's 28 U.S.C. § 2241 petition upon its determination that none of Graham's claims satisfied the savings clause of 28 U.S.C. § 2255.

**AFFIRMED.**