

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-3-2006

# Hyatt v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1984

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Hyatt v. Nash" (2006). *2006 Decisions.* Paper 615.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/615

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-1984
_____

FITZ-ALBERT ANTHONY HYATT,
Appellant

vs.

JOHN NASH, WARDEN, FCI FORT DIX;
UNITED STATES OF AMERICA

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 05-cv-02924)
District Judge: Honorable Freda L. Wolfson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2006
Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES

Filed August 3, 2006
_____

OPINION
_____

PER CURIAM.

In 2000, in the United States District Court for the Southern District of

Florida, Fitz-Albert Anthony Hyatt pled guilty pursuant to a plea agreement to a charge of

possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).  Hyatt

was sentenced to 120 months of imprisonment and five years of supervised release. After the Florida district court's judgment was affirmed in 2001, Hyatt filed a motion to vacate pursuant to 28 U.S.C. § 2255. This motion was denied.

Hyatt, who is currently incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, proceeded to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 with the United States District Court of New Jersey. This petition, and the District Court's dismissal thereof, are the subject of this appeal.

In his § 2241 petition, Hyatt argues that "[h]aving pled guilty I did not benefit from the reduction of acceptance of responsibility nor did the Judge have the power to [depart] below the 120 months." In an apparent reference to United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), Hyatt further contends that because 18 U.S.C. § 3353(b)(1) has been severed, thereby making the sentencing guidelines advisory, he should be re-sentenced "under the current advisory system." We also read Hyatt's petition as arguing that denying him the opportunity to seek re-sentencing under Booker would violate Equal Protection because prisoners with cases pending on direct review are potentially able to benefit from Booker.[1] Hyatt asserts that a § 2241 petition is the proper avenue for him to raise these claims because he would not be able to satisfy the gatekeeping requirements for filing a second or successive § 2255 motion.

---

[1] The rule announced in Booker does not apply retroactively to cases on collateral review. See Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam).

2

The District Court dismissed the § 2241 petition, concluding that it lacked jurisdiction to consider it because § 2255 was not "inadequate or ineffective to raise the claim asserted by Petitioner . . . ." Hyatt timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Because there is no substantial question on appeal, the District Court's order will be affirmed.

Motions pursuant to 28 U.S.C. § 2255 "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)(citation omitted). Unless a § 2255 motion would be "inadequate or ineffective," a habeas corpus petition under § 2241 cannot be entertained by the court. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002)(per curiam). Section 2255 is not inadequate or ineffective merely because a petitioner is unable to meet its stringent gatekeeping requirements. See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Rather, the "safety-valve" provided under § 2255 is extremely narrow, and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120.

Hyatt's claims fall within the purview of § 2255 because they challenge the validity of his sentence. We agree with the District Court that Hyatt has not demonstrated that § 2255 is an "inadequate or ineffective" remedy under the circumstances presented

3

here.  Success on Hyatt's claims would potentially affect his sentence, not the criminality of his conduct.  Cf. Okereke, 307 F.3d at 120-21 (section 2255 not "inadequate or ineffective" where petitioner challenged sentence based on intervening decision in New Jersey v. Apprendi, 530 U.S. 466 (2001)).  Moreover, Hyatt's putative Equal Protection argument is without merit and does not open the § 2255 "safety valve" to him.

For these reasons, we agree with the District Court's conclusion that it could not entertain Hyatt's petition.  We will, therefore, summarily affirm the District Court's judgment.  Hyatt's motion for appointment of counsel is denied.