[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2006
THOMAS K. KAHN
CLERK

No. 06-10161
Non-Argument Calendar

_____

D. C. Docket Nos. 05-20379-CV-DLG & 02-20763 CR-DLG

ANTONIO JONES,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 3, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Antonio Jones, a _pro se_ federal prisoner, appeals the district court's denial of

his motion to vacate, set aside, or correct his sentence, which was filed pursuant to 28 U.S.C. § 2255. Jones, who is serving a 235-month sentence for being a felon in possession of a firearm, filed the instant § 2255 motion, alleging that: (1) his conviction and sentence were illegal because the indictment and jury instructions in his case failed to state an offense under 18 U.S.C. § 924(e), and because the § 924(e) elements were not presented to the jury; (2) the district court plainly erred by sentencing him as an Armed Career Criminal ("ACC") because one of his prior convictions was not a qualifying predicate conviction; and (3) his trial counsel was ineffective because he failed to establish Jones's standing at the suppression hearing and to present rebuttal witnesses at trial. The magistrate judge issued a report, which the district court adopted, recommending that Jones's § 2255 motion be denied. Specifically, the district court found, inter alia, that Jones's first claim was procedurally barred as (1) he had raised the issue with us on direct appeal, and we had ruled against him, and (2) he did not allege a change in the law or circumstances to justify reconsideration of the claim, and that Jones's second claim was barred because he was sentenced properly as an ACC.

Jones filed objections to the magistrate's report, alleging that the magistrate "totally disregarded" Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160

2

L.Ed.2d 621 (2005), and Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005), and arguing that, in light of those cases, he could not be sentenced as an ACC because the indictment did not allege facts sufficient to justify the enhancement, and he did not admit to such facts. The district court denied those objections. Subsequently, the court granted a certificate of appealability ("COA") as to the issues that Jones raised in light of Blakely and Booker.

On appeal, Jones first argues that he raised Blakely and Booker issues in his § 2255 motion, but did not cite to the cases specifically because the § 2255 form instructed him not to argue or cite caselaw. Next, he asserts that, contrary to the government's assertions concerning procedural bar, we did not consider these claims on direct appeal, where we addressed a claim based on Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because his case was decided prior to the Supreme Court's decisions in Blakely, Booker, and Shepard. Jones then argues the substance of his claim was that Booker requires that the "serious drug offense" requirement of the ACC statute must be proven beyond a reasonable doubt, which the government failed to do in his case with regard to his prior convictions. He also contends that he did not have the requisite number of prior convictions to qualify as an ACC. He asserts that, because he was

3

unable to communicate with his attorney during the appeal process, his claim was not procedurally barred by his failure to raise it on direct appeal. Finally, Jones argues his ineffective assistance of counsel claims, requesting that we hear them because he made the necessary substantial showing of a denial of a constitutional right.

Issues outside of the scope of the COA are not properly before us. Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998). Therefore, only the Booker/Blakely claim is properly before us. When reviewing the district court's denial of a § 2255 motion, we review questions of law de novo and questions of fact for clear error. Varela v. United States, 400 F.3d 864, 867 n.3 (11th Cir.), cert. denied, 126 S.Ct. 312 (2005). In Varela, we held that "Booker's [and Blakely's] constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Id. at 686.

Because we have held that Blakely and Booker do not apply retroactively to cases on collateral review, the district court did not commit reversible error by denying Jones's motion without specifically addressing such claims. Accordingly, we affirm.

4

**AFFIRMED.** [1]

---

[1] Jones's request for oral argument is denied.