[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

----------------------------------------

No. 05-16758
Non-Argument Calendar

----------------------------------------

D.C. Docket No. 05-00034-CV-2

OTIS PARIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,
JOSE VASQUEZ,
Warden, FCI Jesup,

Respondents-Appellees.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Georgia
----------------------------------------

(December 14, 2006)

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Otis Paris, proceeding pro se, appeals the dismissal of his habeas corpus petition filed pursuant to 28 U.S.C. §2241 and the denial of his motion for reconsideration. No reversible error has been shown; we affirm.

Appellant was convicted of drug trafficking offenses in the Eastern District of Michigan in 1996; he was sentenced to 210 months' imprisonment. Appellant's conviction and sentence were affirmed on direct appeal by the Sixth Circuit. In 1999, Appellant sought relief pursuant to 28 U.S.C. § 2255. Section 2255 relief was denied in the Michigan district court; Appellant was denied a certificate of appealability. In 2003, the Sixth Circuit denied Appellant permission to file a successive section 2255 motion.

In 2005, Appellant, then incarcerated in federal prison in Georgia, filed a 28 U.S.C. §2241 motion claiming, among other things, that his sentence was unconstitutionally imposed in violation of the principles recognized by the Supreme Court in United States v. Booker, 125 S.Ct. 738 (2005). Concluding that Appellant failed to satisfy the requirements of the savings clause of section 2255, the magistrate judge issued a report and recommendation determining that Appellant's section 2241 motion was due to be dismissed. The district court also concluded that Appellant failed to satisfy the savings clause of section 2255, adopted the report and recommendation, and dismissed Appellant's section 2241

petition. Appellant filed a motion for reconsideration in which he also argued that "extraordinary and compelling" reasons warranted the filing of a motion to reduce sentence by the Bureau of Prisons pursuant to 18 U.S.C. §3582(c)(1)(A)(i).[1] Reconsideration was denied.

We review the availability of habeas relief under section 2241 de novo, see Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000); we review a district court's denial of a motion for reconsideration under an abuse of discretion standard. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). As a general rule, a federal prisoner collaterally attacks the validity of his sentence by filing a petition under 28 U.S.C. §2255. See 28 U.S.C. §2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). The savings clause of section 2255 allows a prisoner to file a section 2241 habeas petition if an otherwise available remedy under section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255 ¶5. According to Appellant, section 2241 relief is available to him because remedy under section 2255 is otherwise inadequate to address his Booker claim.

In Wofford v. Scott, 177 F.3d 1236 1244 (11th Cir. 1999), we set out when section 2255 remedies may be considered inadequate. As we stated in Wofford,

---

[1] 18 U.S.C. §3582(c)(1)(A)(i) authorizes the district court, upon motion of the Director of the Bureau of Prisons, to reduce a term of imprisonment if, after considering the factors set out in 18 U.S.C. §3553(a), the court finds "extraordinary and compelling reasons" warrant the reduction.

the savings clause of section 2255 applies to open a portal for a claim to proceed pursuant to section 2241 only under certain conditions:

> 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first §2255 motion.

Id.

Although Appellant sources his claim of unconstitutional detention on the line of Supreme Court cases that culminated in Booker , we have held that Booker's constitutional rule is a new rule of criminal procedure that has no retroactive application  to section 2255 cases on collateral review.  Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).  Because Appellant fails to identify a Supreme Court decision that is retroactively applicable to cases on collateral review,[2] Appellant's section 2241 habeas petition was due to be dismissed.[3]

AFFIRMED.

---

[2]Because Appellant fails to satisfy the first of Wofford's three requirements, we need not address satisfaction of the other two requirements.

[3]The motion for reconsideration also is predicated on a retroactive application of Booker; the district court committed no abuse of discretion when it denied that motion.