[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 24, 2008
THOMAS K. KAHN
CLERK

No. 05-15798
Non-Argument Calendar
_____

D. C. Docket Nos. 04-21990-CV-DMM
01-00539-CR-DMM

BLANCA PIEDAD ORTIZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 24, 2008)**

Before ANDERSON, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Blanca Piedad Ortiz, who is currently serving a 240-month sentence

following her conviction for conspiring to launder money, a violation of 18 U.S.C.

§§ 1956(a)(1)(B)(i), (a)(2)(B)(i), and (h), appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct her sentence. The district court granted a certificate of appealability ("COA") solely on the issue of Ortiz's claim that her sentence violated United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004). Ortiz argues, among other things, that the Supreme Court's remedial holding in Booker is retroactively applicable to her case. We affirm.

When reviewing the district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

The holdings of Blakely and Booker stem from the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Court addressed a state sentencing scheme that enhanced punishment of criminal conduct beyond that which was charged in the indictment and beyond that which was proven to a jury beyond a reasonable doubt. The Supreme Court held that this procedure violated the defendant's Sixth Amendment rights and was unconstitutional. Id. at 476-97. The Court further held that a sentencing judge may enhance a sentence beyond the statutory maximum only when based on a defendant's admissions or prior convictions. Id. at 488-90.

2

In Blakely, the Supreme Court extended the rule in Apprendi and concluded that "the 'statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303. In Booker, the Supreme Court extended the holding in Blakely to the Federal Sentencing Guidelines, holding that a mandatory Guidelines scheme violates the Sixth Amendment right to a trial by jury by permitting a sentencing judge to increase a defendant's sentence based on facts that are neither found by a jury nor admitted by the defendant. To comport with the constitutional rule laid out in the first majority opinion, the Court, through a separate majority opinion, excised the provisions of the Guidelines which made them mandatory, thus rendering the Guidelines advisory. Id. at 245.

As Ortiz recognizes, we have addressed the question of whether Blakely and Booker apply retroactively in § 2255 cases on collateral review. See United States v. Varela, 400 F.3d 864, 867 (11th Cir.), cert. denied, 546 U.S. 924 (2005). In Varela, we unequivocally concluded that "Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Id. at 868 (citing Schriro v. Summerlin, 542 U.S. 348 (2004) (holding that "judge-not-jury" rule of Ring v. Arizona, 536 U.S. 584 (2002) did not apply retroactively to cases on collateral

3

review)); see also In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (holding that Supreme Court has not made Booker retroactively available on collateral review for purposes of authorizing a second or successive § 2255 motion).

We also have addressed the retroactive applicability of the two Booker holdings. See United States v. Duncan, 400 F.3d 1297 (11th Cir. 2005). In Duncan, which dealt with the direct appeal of a criminal sentence, the appellant essentially argued that the Court should apply the Booker constitutional holding retroactively on direct review, but refuse to apply the Court's remedial opinion in Booker retroactively. Id. at 1304. We expressly rejected the idea that a court may splice Booker's Sixth Amendment holding from the remedial holding and apply only part of Booker retroactively, at least on direct appeal. Duncan, 400 F.3d at 1304.

To the extent Ortiz suggests that Varela was wrongly decided, or that we should apply Booker's remedial holding retroactively, we decline her invitation to reconsider this issue.[1]  Because we have held that the rules established in

---

[1]  It is well-settled in this Circuit that a panel of this Court cannot overrule binding precedent issued by a prior panel. United States v. Smith, 934 F.2d 270, 274 (11th Cir. 1991). Only a decision by this court sitting en banc or by the United States Supreme Court can overrule a prior panel decision." United States v. Machado, 804 F.2d 1537 (11th Cir. 1986).

Booker/Blakely are not retroactively applicable on collateral review, the district court did not err by dismissing Ortiz's § 2255 motion.

**AFFIRMED.**