[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11107
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 6, 2009
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 04-21128-CV-FAM
01-00092-CR-FAM

JOSEFINA OLACIREQUI SANCHEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 6, 2009)**

Before BIRCH, HULL and FAY, Circuit Judges.

PER CURIAM:

Josefina Olacirequi Sanchez, whose conviction for heroin-trafficking offenses became final in 2003, appeals through counsel the district court's denial of her 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence as untimely and barred by the nonretroactivity doctrine of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1988). For the reasons set forth below, we affirm.

## I.

Sanchez filed a pro se § 2255 motion, alleging two instances of ineffective assistance of trial counsel. Several months later, she filed a pro se supplement to her § 2255 motion, claiming that Blakely,[1] issued in the interim, required re-calculation of her guideline imprisonment range, as it was based on judge-found facts. The government responded that Sanchez's Blakely claim was time-barred because the supplement was filed more than one year after her convictions became final[2] and barred because Blakely did not apply retroactively, pursuant to Teague. The government also responded that any claim that Sanchez's trial or appellate counsel were ineffective for failing to raise a Blakely-type claim failed on the merits because counsel could not be held responsible for failing to anticipate a change in the law.

---

[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531159 L.Ed.2d 403 (2004).

[2] The parties do not dispute that Sanchez's supplement was filed more than one year after her convictions became final or that her Blakely claim did not "relate back" to the claims raised in her initial motion.

A magistrate judge recommended denying Sanchez's Blakely claim,[3] reasoning that the claim was time-barred because the supplement was filed more than one year after her convictions became final, and barred because Blakely and its progeny did not apply retroactively on collateral review, pursuant to Varela v. United States, 400 F.3d 864, 867 (11th Cir. 2005). The magistrate also recommended denying any claim that Sanchez's trial and appellate counsel were ineffective for failing to raise a Blakely-type claim, reasoning that Blakely had yet to be decided. Sanchez objected that her Blakely claim was timely under 28 U.S.C. § 2255(f)(4) because she filed her supplement within one year of Blakely's issuance, the date on which she discovered that her counsel was ineffective for failing to argue that her sentence was unconstitutionally based on judge-found facts. Sanchez also objected that her Blakely claim was not barred by Teague because (1) Blakely was not a new rule of law announced after her convictions became final but, rather, an application of the rule of law announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), before her

---

[3] The report referenced here actually was the second prepared by the magistrate. Initially, the magistrate recommended denying the two claims raised in the initial motion, but failed to address the Blakely-claim raised in the supplement. Over Sanchez's objection to the oversight, the district court adopted the magistrate's report. On Sanchez's motion, the district court granted a certificate of appealability ("COA") concerning the oversight. In an unpublished opinion, we vacated and remanded with instructions to consider the Blakely claim. Sanchez v. United States, 247 Fed.Appx. 194, 196-97 (11th Cir. 2007). The report referenced here was prepared on remand.

3

convictions became final; and (2) Varela was inapposite because that defendant's conviction became final before Apprendi, while hers became final after Apprendi.

The district court adopted the magistrate's report. On Sanchez's motion, the district court granted a COA concerning Blakely's and Booker's[4] retroactivity and the supplement's timeliness.

## II.

In reviewing the denial of a § 2255 motion, we review questions of law de novo and findings of fact for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

### A. Retroactivity

In Teague, the Supreme Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." 489 U.S. at 310, 109 S.Ct. at 1075. In Varela, in which the defendant's conviction became final before Apprendi, we applied Teague to Blakely and Booker and held that the "constitutional rule [announced in Blakely and Booker] falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." 400 F.3d at 866-68. In United States v. Morris, 429 F.3d 65, 70-71 (4th Cir. 2005), in which

---

[4] United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4

the defendant's conviction became final after <u>Apprendi</u>, the Fourth Circuit applied <u>Teague</u> and similarly held that <u>Booker</u> did not apply retroactively. In so holding, the Fourth Circuit specifically rejected an argument that <u>Booker</u> was not a new rule of law but merely a clarification of <u>Apprendi</u>. The Fourth Circuit reasoned in part that the Supreme Court itself viewed <u>Booker</u> as announcing a new rule of law, as (1) in holding that the rule must apply to all cases on direct review, the Supreme Court reasoned that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final"; and (2) the rule was not "apparent to all reasonable jurists," since four dissenting Supreme Court justices undertook to explain why the holding in <u>Blakely</u> was not compelled by <u>Apprendi</u>. <u>Id.</u> at 70-72 (citing <u>Booker</u>, 543 U.S. at 268, 329-33, 125 S.Ct. at 769, 805-07).

The district court did not err in concluding that Sanchez's <u>Blakely</u> claim was barred by <u>Teague</u>. <u>See Lynn</u>, 365 F.3d at 1232. We previously have held that <u>Blakely</u> and <u>Booker</u> are not retroactively applicable on collateral review. <u>See</u> <u>Varela</u>, 400 F.3d at 866-68. Our holding applies equally to cases in which the defendant's conviction became final before <u>Apprendi</u>, as in <u>Varela</u>, and cases in which the defendant's convictions became final after <u>Apprendi</u>, as here. <u>See also</u> <u>Morris</u>, 429 F.3d at 70-72 (holding that <u>Booker</u> did not apply retroactively in a

5

case in which the defendant's conviction became final after <u>Apprendi</u>).  Likewise, our sister Circuit previously has rejected an argument, such as that made by Sanchez on appeal, that <u>Booker</u> was not a new rule of law for <u>Teague</u> purposes.  <u>See</u> <u>id.</u>  We agree with the Fourth Circuit.  Accordingly, we affirm as to this issue.

### B. Timeliness

The AEDPA imposes a one-year statute of limitations for filing a § 2255 motion.  28 U.S.C. § 2255(f).  This limitations period runs from the latest of

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which [an unconstitutional government-imposed] impediment to making a motion . . . is removed . . . ;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Id.</u>

As stated above, we have held that <u>Blakely</u> and <u>Booker</u> are not retroactively applicable on collateral review.  <u>See</u> <u>Varela</u>, 400 F.3d at 866-68.  Thus, these decisions do not trigger a later starting date under 28 U.S.C. § 2255(f)(3).  We have yet to consider, however, whether the issuance of <u>Blakely</u> and <u>Booker</u> and/or the alleged prejudice resulting from counsel's failure to preserve a <u>Blakely</u>/<u>Booker</u>-

6

type claim[5] constitute "facts" for the purposes of § 2255(f)(4).[6]

The district court did not err in concluding that Sanchez's <u>Blakely</u> claim was time-barred. See <u>Lynn</u>, 365 F.3d at 1232. We have foreclosed reliance on § 2255(f)(3) for claims raising <u>Blakely</u>/<u>Booker</u> issues. See <u>Varela</u>, 400 F.3d at 866-68. Were a defendant allowed to skirt the principle that <u>Blakely</u> and <u>Booker</u> are not retroactive for § 2255(f)(3) purposes and argue instead that she just discovered, when <u>Blakely</u> was issued, that her counsel was ineffective for failing to preserve a <u>Blakely</u>-type claim, the principle would have no teeth. See <u>United States v. Brown</u>, 526 F.3d 691, 713 (11th Cir. 2008) ("[This Court] construe[s] statutory language as to avoid absurd results"). Thus, logic mandates that Sanchez's theory is meritless. Accordingly, we affirm as to this issue.

**AFFIRMED.**

---

[5] On appeal, the government argues that Sanchez did not raise an ineffective-assistance-of-counsel claim in her supplement, but merely argued that her sentence was ineffective under <u>Blakely</u>. We agree. However, both the government, in its response to the supplement, and magistrate judge, in his report, treated the supplement as raising such an ineffective-assistance-of-counsel claim. Accordingly, we will do the same.

[6] On appeal, Sanchez argues that the Supreme Court held in <u>United States v. Johnson</u>, 544 U.S. 295, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005), that "facts" for § 2255(f)(4) purposes may include "court rulings." In <u>Johnson</u>, the Supreme Court held that a state-court vacatur of a federal prisoner's prior state conviction, which was used to enhance his federal sentence, is "a matter of fact" for § 2255(f)(4) purposes and concluded that the limitation period begins to run on the date that the prisoner receives notice of the order vacating the predicate conviction. 544 U.S. 295, 302, 304-07, 308, 125 S.Ct. at 1577-80. The Supreme Court did not address whether court opinions also constitute matters of fact. See generally <u>id.</u> Thus, the "court ruling" to which Sanchez referred was not the sort of court ruling at issue here, and <u>Johnson</u> is irrelevant.