[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 2, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-11806
Non-Argument Calendar

_____

D. C. Docket No. 05-00854-CV-MHT-CSC

CLARENCE CLAY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(January 2, 2008)**

Before BIRCH, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Clarence Clay, a federal prisoner proceeding pro se, appeals the district

court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.   We granted a certificate of appealability ("COA") on the following issues: "(1) Whether appellant raised a claim during the 28 U.S.C. § 2255 motion proceedings that his sentence violated United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005); and (2) If so, whether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc) by failing to address appellant's substantive Booker claim."   Clay, pro se, argues that the record shows he repeatedly made substantive Booker arguments in the § 2255 motion proceedings before the district court.  Clay also argues that, because the district court did not address his Booker claim, it violated Clisby.

In a 28 U.S.C. § 2255 proceeding, we review a district court's legal conclusions de novo and factual findings for clear error.  Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).  "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  We have held that "it is well established that the standards governing the sufficiency of habeas corpus petitions are less stringent when the petition is drafted pro se and without the aid of counsel."  Holsomback v. White, 133 F.3d 1382, 1386 (11th Cir. 1998) (citation omitted).

In Booker, 543 U.S. at 244, 125 S.Ct. at 756-57, the Supreme Court held that the mandatory sentencing guidelines violated the Sixth Amendment right to a trial by jury to the extent they permited a judge to increase a defendant's sentence based on facts that are neither found by a jury nor admitted by the defendant. The Supreme Court's holding in Booker is not retroactively applicable to cases on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005). However, Booker does apply to all cases on direct review. Booker, 543 U.S. at 268, 125 S.Ct. at 769.

The Supreme Court decided Booker on January 12, 2005. Id., 543 U.S. 220, 125 S.Ct. 738, while Clay's case was on direct appeal until February 28, 2005, the date the Supreme Court denied his petition for writ of certiorari. Clay v. United States, 543 U.S. 1192, 125 S.Ct. 1427 (2005). Therefore, Clay's case had not become final before the Supreme Court decided Booker. Teague v. Lane, 489 U.S. 288, 295, 109 S.Ct. 1060, 1067 (1989) (defining "final" as meaning a case "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed." (internal quotations omitted)). Booker, then, would apply to Clay's case. See Booker, 543 U.S. at 268, 125 S.Ct. at 769.

3

Although this is a close call, given Clay's pro se status we conclude that he sufficiently raised a substantive Booker argument during the 28 U.S.C. § 2255 motion proceedings to require a ruling by the district court on it. The tipping factor to us is the fact that the government's response to Clay's § 2255 motion specifically acknowledged that "Clay also raises whether his sentence is proper under United States v. Booker, 540 U.S. [220], 125 S.Ct. 738 (2005)," and argued against that the Booker claim failed on the merits.

Because Clay raised a Booker claim, the district court should have addressed it. Cf. Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc) (section 2254 case) ("[W]e now exercise our supervisory power over the district courts . . . and instruct the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied."). A § 2255 motion may not be denied without some ruling on each of the claims it raises any more than one could be denied without a ruling on any of the claims it raises.

The order denying the motion is VACATED and the case is REMANDED to the district court with instructions that it address the Booker claim.[1]

---

[1]We will not address any other claim that Clay raises on appeal. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).