[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12042
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2012
JOHN LEY
CLERK

D. C. Docket No. 2:10-cv-00173-LGW-JEG

JAMES HENRY GRESHAM,

                                                      Petitioner-Appellant,

    versus

WARDEN TRUSTEE ANTHONY HAYNES,
ATTORNEY GENERAL OF THE UNITED STATES,

                                                      Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 11, 2012)

Before EDMONDSON, MARTIN, and ANDERSON, Circuit Judges.


PER CURIAM:

    James H. Gresham, a federal prisoner, appeals the district court's dismissal

of his pro se 28 U.S.C. § 2241 habeas corpus petition.[1] No reversible error has been shown; we affirm.

Gresham was convicted of drug trafficking offenses in 1993 and was sentenced to 360 months' imprisonment.[2] We affirmed his conviction on direct appeal. In 1998, Gresham filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255; and that motion was denied as time-barred. Gresham has since filed several other post-conviction motions, including at least two applications for leave to file a second or successive section 2255 motion, all of which have been denied.

In the instant section 2241 petition -- filed in 2010 -- Gresham raised these three claims: (1) his sentence enhancement for obstruction of justice violated the United States Constitution's Due Process and Bill of Attainder Clauses; (2) his sentence enhancement for possessing a firearm in relation to a drug trafficking offense violated the Double Jeopardy Clause; and (3) his sentence was based on an improper post-trial drug quantity calculation. The district court determined that

---

[1]Gresham does not need a certificate of appealability to proceed in this appeal. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (concluding that a federal prisoner proceeding under section 2241 does not need a certificate of appealability to appeal).

[2]Gresham's sentence was later reduced to 336 months' imprisonment, pursuant to 18 U.S.C. § 3582(c)(2).

Gresham did not meet the requirements of section 2255's savings clause and dismissed his habeas petition.

The availability of habeas relief under section 2241 is a question of law that we review de novo. Sawyer, 326 F.3d at 1365 n.4. As a general rule, collateral attacks on the validity of a federal sentence must be brought under section 2255. Id. at 1365. But the savings clause of section 2255 allows a prisoner to file a section 2241 habeas petition if an otherwise available remedy under section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden is on the movant to present evidence affirmatively showing the inadequacy or ineffectiveness of the section 2255 remedy. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

In Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999), we explained that section 2255 remedies may be considered inadequate -- and, thus, the savings clause applies -- when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the prisoner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first [section] 2255 motion." Id. at 1244. The savings clause only applies if the prisoner has satisfied all three elements. See id.

In this case, Gresham has not satisfied the first element of the <u>Wofford</u> analysis because his claim is not based on a retroactively applicable Supreme Court decision.[3]  Gresham concedes that his petition was not based on such a Supreme Court case.  And to the extent that Gresham's petition can be construed as relying on the Supreme Court's decisions in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000), <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004), or <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), we have concluded that these cases do not apply retroactively on collateral review.  <u>See Varela v. United States</u>, 400 F.3d 864, 867-68 (11th Cir. 2005) (addressing <u>Blakely</u> and <u>Booker</u>); <u>McCoy v. United States</u>, 266 F.3d 1245, 1258 (11th Cir. 2001) (addressing <u>Apprendi</u>).

We also reject Gresham's contention that he should be permitted to proceed under section 2241 because he is barred from pursuing his claims in a second or successive section 2255 motion.  <u>See Wofford</u>, 177 F.3d at 1245 (concluding that the restrictions on filing second or successive section 2255 motions, standing alone, do not render section 2255 "inadequate or ineffective" within the meaning of the savings clause).

---

[3]Because Gresham fails to satisfy the first of <u>Wofford</u>'s three requirements, we need not address the other two requirements.

4

Because Gresham's section 2241 petition did not satisfy the requirements of section 2255's savings clause, the district court properly dismissed the petition.

AFFIRMED.